Pearlie **TAPLEY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 22049.

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1965.

William R. Killian, of Lissner & Killian, Brunswick, Ga., for appellant.

Fred S. Clark, Asst. U. S. Atty., Savannah, Ga., Donald H. Fraser, U. S. Atty., Savannah, Ga., for appellee.

Before BROWN, WISDOM and THORNBERRY, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction on all counts of an eight-count indictment for violation of the federal liquor laws, the Appellant contending that there was insufficient evidence and that the verdict indicates a misunderstanding of the issues and thus is void. After careful consideration of the record, we reject both contentions and affirm.

Although Appellant admits that "the general tenor of the testimony * * would arouse suspicion that the whiskey was tainted with illegality," he argues that nowhere was there express testimony that Federal tax stamps were not affixed to the containers of the liquor. The Government certainly could have done a better job in eliciting specific testimony, but nevertheless the frequent references in the record to "moonshine liquor," "illegal whiskey," and "non-tax paid liquor" provided ample evidence, circumstantial and direct, for the jury to conclude that no stamps were affixed to the containers.

Although only one count of the indictment charged conspiracy and the other seven counts charged separate offenses of possession and transportation, the jury found Appellant guilty "of conspiracy on all eight counts." Applying the rule that the form of the general verdict is sufficient if it indicates the intention of the jury, 5 Wharton, Criminal Law § 2125, at 317–18 (Anderson ed. 1957), we regard the "of conspiracy" as surplusage and treat the verdict as a finding of guilty on each of the counts

as charged. We do not believe the jury misunderstood its verdict. Nor did counsel for Appellant, otherwise he would have urged the Court to have the jury withdraw to correct the form of the verdict as the Judge had earlier stated would be done.

Affirmed.