UNITED STATES of America, Plaintiff-Appellee,

v.

Bernard WILSON and Brady Wilson, Defendants-Appellants.

No. 27847.

United States Court of Appeals, Fifth Circuit.

May 11, 1970.

---

Thomas S. Melton, Carl E. Maye, Opelika, Ala., Knox M. McMillan, Robert H. Brown, Auburn, Ala., for appellants.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, and BELL and INGRAHAM, Circuit Judges.

BELL, Circuit Judge:

Appellants were convicted under one count of a multiple count indictment charging violations of the statutes regulating distilled spirits. The particular count on which they were convicted, Count six, charged unlawful possession of 50 gallons of whiskey, i. e., without the required tax stamps being affixed to the containers. 26 U.S.C.A. § 5604(a) (1). They were also charged with possession of non-tax paid whiskey in Counts three and four; and in Count one, with conspiring to violate the internal revenue statutes having to do with distilled spirits. They were acquitted on Counts one, three and four.

Of the errors assigned, we reach only the sufficiency of the evidence question and reverse. Appellants point to the only evidence against them on the Count six charge. The government points to nothing in addition. Indeed, in a novel approach, the government simply refers the court to the whole record for evidence to sustain the conviction. We have carefully examined the entire record and find the evidence wanting. The district court should have granted the motions to acquit as to Count six.

In something of an aside, and in partial explanation of the posture of the case here, it is well to have in mind that the evidence was entirely sufficient as to Counts one, three, and four but the jury failed to convict on these counts.

In addition, a third person was charged under the conspiracy count and also in Counts two and five. The trial was rather extended in that it was necessary for the government to present proof as to each of the several counts.

The proof as to Count six was sparse. This count involves activities on September 11 only. An informer Davis, who along with a revenue agent had made purchases of whiskey from appellants on August 28 and September 6, 1967 (Counts three and four), testified that he went to appellant Brady Wilson's house on September 11, 1967 to pick up some moonshine whiskey. He stated that after he left Wilson's house, the revenue agents found fifty gallons of moonshine whiskey in the trunk of his automobile. He also stated that a revenue officer checked his trunk en route to Brady Wilson's house and that it was then empty. There is no testimony whatever to connect Bernard Wilson with the September 11 events. No revenue agent testified with regard to the endeavors of the informer Davis on this day. Davis himself testified that neither of appellants loaded any whiskey on that date. There is no testimony that either appellant was present at Brady Wilson's house on the day in question.

In sum, there is no testimony or other evidence to show dominion or control of the whiskey in appellants. The proof, for whatever reason, was simply not developed as to Count six in the degree necessary to sustain the verdict of guilty. We thus hold that the proof was insufficient to convict appellants of possessing the whiskey on September 11 as charged. Cf. Pinion v. United States, 5 Cir., 1968, 397 F.2d 27, on proof of possession.[1]

Reversed and remanded for further proceedings not inconsistent herewith.

---

1. There was no express proof that the federal tax stamps were not affixed to the containers. However, the other evidence adduced was sufficient to support a jury verdict in this regard. See Tapley v. United States, 5 Cir., 1965, 353 F.2d 786.