Alan Daniel WILWORDING, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 18809–3.

United States District Court,
W. D. Missouri, W. D.

Nov. 12, 1970.

**1146**

Alan Daniel Wilwording, pro se.
No response required from respondent.

ORDER GRANTING PETITIONER
LEAVE TO PROCEED IN FORMA
PAUPERIS AND JUDGMENT
DENYING PETITION FOR HA-
BEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions for a writ of federal habeas corpus adjudicating as invalid his state conviction of the offense of first degree robbery. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that after his plea of not guilty, he was convicted by a jury in the Circuit Court of Greene County of the offense of first degree robbery; that he was sentenced on that conviction on June 25, 1964, to a term of imprisonment for twenty years; that he appealed from the judgment of conviction and imposition of sentence to the Missouri Supreme Court, which affirmed the conviction and sentence (State v. Wilwording, Mo., 394 S.W.2d 383); that he filed a motion under Missouri Criminal Rule 27.26, V.A.M.R., in the state sentencing court, which was overruled on March 11, 1966; that he appealed this overruling to the Missouri Supreme Court, but "withdrew" and dismissed the appeal on October 27, 1966, in order to file a new Rule 27.26 motion; that thereafter petitioner filed a second Rule 27.26 motion in the state sentencing court which was ovveruled on March 18, 1968; that, on appeal from the overruling, the judgment of the trial court was affirmed by the Missouri Supreme Court on March 10, 1969 (Wilwording v. State, Mo., 438 S.W.2d 447); that he subsequently filed a petition for federal habeas corpus in this Court, which was denied on October 6, 1969 (Wilwording v. Swenson (W.D. Mo.) Civil Action No. 17547–3); and that he was represented by counsel at his trial, sentencing and on direct appeal.

Petitioner states the following as grounds for his contention that he is being illegally held:

"Petitioner's imprisonment is illegal and founded upon clearly erroneous state court rulings in contravention with the guarantees embodied in the *Fifth*, *Sixth* and *Fourteenth* Amendments to the Constitution of the United States, as hereinafter shown in supporting facts." (Emphasis petitioner's.)

Petitioner states the following as facts in support of the above grounds:

"\* \* \* [I]n December (26th) 1967, his new motion was filed under 27.26, in which the following issues were raised:

1. The (information) is fatally defective and the findings of the court on prior imprisonment is in error so as to deny movant due process of law in violation of Art. 1, Section 10 of the Missouri Constitution and the Fourteenth Amendment of the United States Constitution.

2. The provisions of section 556.-280, Revised Statutes of Missouri, is discriminatory so as to deny movant due process of law and equal protection of the law in violation of Article 1, Section 10 of the Missouri Constitution and the Fourteenth Amendment of the United States Constitution.

3. Petitioner was denied the full amount of peremptory challenges of jurors in his original trial so as to deny him due process of law in violation of the Article 1, Section 10 of the Missouri Constitution and the Fourteenth Amendment of the United States Constitution.

4. Petitioner contends that Section 556.280, Revised Statutes of Missouri, is so vague and indefinate (sic) that he was denied due process of law in violation of the Article 1, Section 10 of the Missouri Constitution and the Fourteenth Amendment to the United States Constitution.

5. The petitioner was compelled to appear before the jury in improper attire, when he was not permitted to have access to his clean, neat clothes on the morning of trial, which clothes were provided by his family specifically for his attirement before the public tribunal prior to the morning of trial, and he was forced by the sheriff's department to dress in old soiled clothes which were provided by the jail for inmates to work in, to appear in such array of discrediting wearing apparell (sic) solely for the purpose of discrediting his character and depriving him of due process of law in violation of the Article 1, Section 10 of the Missouri Constitution and the Fourteenth Amendment of the United States Constitution.

6. The petitioner was denied the effective assistance of counsel during critical stages of the proceedings in his state court trial and appeals, in violation of the Article 1, Section 10 of the Missouri Constitution and the Sixth and Fourteenth Amendments of the United States Constitution.

"The above issues were tendered in the trial court in petitioner's second motion under rule 27.26. They were briefed and submitted to the Supreme Court of Missouri on appeal, and ruled on by the State's highest tribunal, which will fully satisfy the requirements of the Federal exhaustion doctrine.

"As for matters heretofore raised in the direct trial court appeal, they have also been presented to the State trier, and are now res judicata in the State courts in respect of having a proper remedy in a state Court, whereby relief may be obtained. Please note, as above requested, that the matters presented in the direct trial court appeal be considered in this action and in support of the above contention 10(a). 394 S.W.2d 383."

Insofar as the contentions which petitioner raised in his Rule 27.26 motion in the State courts are concerned, relief in federal habeas corpus must be denied because the identical grounds have previously been considered on their merits by this Court and determined to be without merit as denials of federal rights. Wilwording v. Swenson (W.D. Mo.) Civil Action No. 17547–3. In that case, this Court considered the identical contentions. Petitioner makes no allegation of newly-discovered evidence

(which, in any instance, must first be presented to the State courts under the rule of White v. Swenson (W.D.Mo. en banc) 261 F.Supp. 42) nor of other exceptional circumstances which would require this Court not to give conclusive weight on these issues to its findings on petitioner's prior petition involving the same issues. In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148, it was held that a determination in habeas corpus might be of controlling weight on a subsequent application for habeas corpus if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application,. (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Those three requirements are met in the case at bar with respect to the contentions which petitioner raised in the State courts on his Rule 27.26 motion. All of those contentions do not therefore constitute any basis for relief in federal habeas corpus and the petition at bar must be denied in respect of them.

■ Petitioner additionally requests that the contentions which he has raised on the direct appeal to the Missouri Supreme Court from his conviction and sentence also be considered by this Court on this petition. Petitioner does not set out the contentions in his petition. Further, they have been withheld by him from prior consideration by this Court on his prior petition. Such a practice violates the policy of this Court against deciding contentions of state prisoners with respect to the invalidity of their state convictions in a piecemeal fashion. See Taggert v. Swenson (W.D.Mo.) 313 F.Supp. 146. It is further to be noted that petitioner did not present the contentions to the State courts on his Rule 27.26 motion. It is conceivable that such might be regarded as the deliberate by-passing of petitioner's state remedies. Taggert v. Swenson, *supra*. Further, none of the contentions state the denial of any federally protected right of peti-

tioner. As phrased in the official report of the Missouri Supreme Court in State v. Wilwording, Mo., 394 S.W.2d 383 (to which petitioner specifically refers this Court) the additional allegations of petitioner which were made on direct appeal are as follows:

(1) "[H]e was entitled to know in advance of the voir dire and any testimony whether the State was going to proceed on the information charging a prior offense; he says that this might have affected defendant's desire to plead guilty, as well as the voir dire examination and the cross-examination of witnesses." 394 S.W. 2d at 387. It is therefore petitioner's contention that amendment of the information against him to state that he was charged under the Missouri Second Offender Statute, § 556.280 RSMo, denied him due process of law and the equal protection of the laws.

(2) "[T]he court erred in giving Instruction No. 3, the State's only instruction on the merits, which submitted the offense of first degree robbery by means of a dangerous and deadly weapon * *. The first suggestion is that the State had waived the death penalty prior to the voir dire and that it thereby reduced the charge to robbery in the 'second degree' * * *. Next, counsel says that this instruction was not consistent with the information. The latter stated that defendant committed the robbery with intent to 'deprive Bill Wilkerson, agent, servant and employee of So-Lo Market, Incorporated' of the use of the money. The instruction submitted an intent to deprive the 'So-Lo Market, Incorporated * * of the use thereof * * *.' Both the information and the instruction stated that the money stolen was the property of the So-Lo Market; and in both it was stated that Wilkerson was the agent,

servant and employee of the So-Lo Market. Actually, both statements of the 'intent to deprive' were surplusage, for under § 560.-120, the felonious taking of the property of another from the person of 'his agent in charge thereof,' against the will of the agent by violence or by putting him in fear of immediate injury, is sufficient to constitute first degree robbery." 394 S.W.2d at 387–388.

(3) "It is also argued that the omission from the instruction of the statutory words 'in charge thereof' (immediately following the words 'from the person of his wife, servant, clerk or agent,') as applied to Wilkinson, rendered the instruction erroneous." 394 S.W.2d at 388.

■ Under the applicable federal law, it is clear that the first of these contentions does not state the denial of any federal right. In Scalf v. Bennett (C.A. 8) 408 F.2d 325, it was plainly stated that the writ of habeas corpus will not be used to test the indictment unless it is constitutionally defective. Petitioner conclusorily stated that the information in this case was amended so that it deprived him of due process and equal protection of the law. But neither of these claims is plausible. The question is one of state law, under which the State may offer evidence of the prior conviction "prior to the submission of the case to the jury." In this case, it is stated by petitioner that evidence of the prior conviction was heard before such submission. It was determined by this Court in denying petitioner's prior petition for habeas corpus that the phrase "submission of the case to the jury" did not offend federal standards. The amendment of the information was accomplished in accordance with the Missouri Statute according to the determination of the Missouri Supreme Court. This determination, on a matter of state law, is not reviewable by this Court. No statement of the effective denial of any federal right is made by this contention. As was stated in In re Tucker (W.D. Mo.) 214 F.Supp. 202, 206:

"The Missouri [Second Offender] statute itself has been held constitutional a number of times by the Supreme Court of Missouri, and such acts have been approved in principle on their constitutionality many times in the Federal Courts. A recent decision is Oliver v. United States, 290 F.2d 255 (8th Cir., 1961), cert. den. 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed.2d 48 (1961). Any matters of insufficiency in the allegations in the information or failure of proof of the first offense are matters for direct review and of state procedural law which may not be considered or any remedy afforded by way of habeas corpus to this Court. Such are not violative of constitutional principles and as stated in Wolfe v. Nash, 313 F.2d 393 (8th Cir., 1963), the Court held that such matters are merely a local legal problem and of no national concern whatever. Said decision states in part 'How and in what way proof of prior convictions shall be made under the State Habitual Criminal statute and what effect a deviation from the requirements of the statutes would have, we regard as purely a local problem and of no national concern whatever. The due process clause of the Fourteenth Amendment does not enable us to review errors of state law.' Citing Buchalter v. N. Y., 319 U.S. 427, 431, 63 S.Ct. 1129, 87 L.Ed. 1492."

■ In respect to the second contention, the same principle applies. Errors in instructions by a state court do not ordinarily pose federal questions. Errors in instructions given by federal courts have been held not to be reviewable in habeas corpus. Garrison v. Hudspeth (C.A. 10) 108 F.2d 733. The principle is particularly applicable in this case wherein the sufficiency of the instruction depends upon its following the state statute, which is to be finally construed by the Missouri Supreme Court. Thus, the conclusion of the Missouri Su-

preme Court that waiving the death penalty did not, under the applicable state statute, constitute a reduction of the charge of first degree robbery is final. No denial of any federal right is thereby stated or implied. The same is true of the question of whether the instruction faithfully charged the elements of the offense under the statute. See Mallory v. Haynes (W.D.Mo.) 316 F.Supp. 896. It is readily apparent that no allegation or inference is made that the "necessary facts [did not] appear in any form, or by fair construction [could not] be found within the terms of the indictment" as required under the rule of Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861, 866.

The same reasoning applies to the third allegation of the omission of the words "in charge thereof," which are contained in the Missouri statute defining the offense of which petitioner was convicted. Under the rule of Hagner v. United States, *supra,* this does not state that any necessary fact has been omitted. The allegation would have been surplusage, if included, according to applicable federal standards. This contention of petitioner does not therefore state the denial of any federal right.

■■■ The Missouri Supreme Court, on petitioner's direct appeal from his conviction, considered yet another issue under Missouri Criminal Rule 28.02, which provides that "No allegation of error respecting the sufficiency of the information * * * [or] verdict * * * shall be necessary upon an appeal." It is uncertain whether petitioner wishes to have the issue considered by this Court in this case, in view of his language that he wishes the "matters *presented*" (emphasis added) on direct appeal to be considered on this petition. In the interest of avoiding further piecemeal adjudication of petitioner's claims, however, the contentions will be considered in this cause. As the Supreme Court of Missouri stated:

"The last point made is that the verdict was insufficient since it did not refer to the information nor did the jury find the essential elements of the crime. The point is not developed. This, however, is a matter upon which we would be required to rule under Rule 28.02. The verdict was as follows: 'We, the Jury, find the defendant, Alan Daniel Wilwording, alias Daniel Allen Wilwerding, guilty, as charged in the information, of robbery in the first degree.' Obviously, the verdict *did* refer to the information. Counsel makes here a passing reference to his Point II, in which he contended that the information and Instruction No. 3 were inconsistent. Possibly, he means here that the verdict was insufficient because it referred to an insufficient information. In our previous discussion we have indicated that the information was sufficient and we now so hold; also, there was no material variance or inconsistency between it and the principal instruction. We shall not discuss all that again." 394 S.W.2d at 390.

In the light of the principles which have been discussed above, it is obvious that no statement of denial of a federal right could be made by this issue. The federal standard is that "the form of the general verdict is sufficient if it indicates the intention of the jury." Tapley v. United States (C.A. 5) 353 F.2d 786; 5 Wharton, Criminal Law § 2125 (Anderson ed.), pp. 317–318. It is apparent that no allegation of the denial of that standard has been made by petitioner. Nor, for the reasons stated above, has any constitutional defect in the information been stated.

All of petitioner's contentions are thus either controlled by the denial of his prior habeas corpus petition in this Court or do not state any claim in federal habeas corpus.  ·

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the petition herein for habeas corpus be, and it is hereby, denied.