**Alan Daniel WILWORDING, Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Appellee.**

No. 20713.

United States Court of Appeals, Eighth Circuit.

Aug. 2, 1971.

Harvey L. McCormick, Legal Aid and Defender Society of Greater Kansas City, Kansas City, Mo., on brief for appellant.

John C. Danforth, Atty. Gen., and Kenneth M. Romines, Jefferson City, Mo., on brief for appellee.

Before MATTHES, Chief Judge, VAN OOSTERHOUT, Circuit Judge, and EISELE, District Judge*.

MATTHES, Chief Judge.

This case is before us on appeal from the order of the United States District Court for the Western District of Missouri denying appellant habeas relief.

Appellant, presently incarcerated in the Missouri State Penitentiary, was convicted by a jury in the Circuit Court of Greene County, Missouri, of the offense of first degree robbery and was sentenced by that court to imprisonment for twenty years. The conviction was affirmed. State v. Wilwording, 394 S.W.2d 383 (Mo.1965).

Appellant then attacked the conviction collaterally pursuant to Mo.R.Crim.P. 27.26, V.A.M.R., alleging, inter alia, that even though his attorney had filed a brief in the Missouri Supreme Court, his failure to present an oral argument to that court constituted a denial of effective representation by counsel in violation of his rights under the Sixth Amendment to the Federal Constitution and under Article I, Section 10 of the Constitution of Missouri. The sentencing court's denial of this motion was affirmed. Wilwording v. State, 438 S.W.2d 447 (Mo.1969).

On July 17, 1969, appellant filed a petition in the federal district court alleging seven grounds in support of the issuance of a writ of habeas corpus, including the denial of effective assistance of counsel. As to the six allegations which pertained to the validity of his conviction, including the denial of effective representation, Chief Judge Becker, in an exhaustive opinion, dismissed the petition with prejudice, and no timely

* United States District Judge, Eastern District of Arkansas, sitting by designation.

appeal was taken. Wilwording v. Swenson, 331 F.Supp. 1188 (W.D.Mo., Oct. 6, 1969). The seventh ground, asserting that appellant's confinement to maximum security with consequent loss of privileges contravened federally protected rights, was dismissed without prejudice for failure to exhaust then available state remedies. *Id.* That issue reached this court in a separate proceeding. Wilwording v. Swenson, 439 F.2d 1331 (8th Cir. 1971).

On November 3, 1970, appellant filed another petition for habeas corpus in the same district court, alleging, inter alia, the same six grounds which had been denied with prejudice in his previous habeas corpus action. Chief Judge Becker, in a soundly reasoned opinion and order, considered the merits of the newly initiated contentions, but relying, rightly we think, upon Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963), refused to reconsider the six grounds already litigated, including the claimed ineffective representation, giving controlling weight to his previous denial on the merits of those precise issues. Wilwording v. Swenson, 326 F.Supp. 1145 (W.D.Mo., Nov. 12, 1970).

Appellant here presents only the contention that he was denied effective assistance of counsel in the state courts in connection with the original trial and appeal. We decline to reach the merits of that contention because, upon review of the petitions of July 17, 1969, and November 3, 1970, and the respective decisions denying them, supra, we concur with the district court that it was unnecessary to reconsider that issue in the order presently appealed. *Sanders* teaches that:

> "Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." 373 U.S. at 15, 83 S.Ct. at 1077.

See also Harris v. Brewer, 434 F.2d 166, 168, n. 3 (8th Cir. 1970). The ability to focus judicial attention upon the pressing and legitimate claims of *all* litigants requires that, at some point, there be an end to the litigation of *each* claim or ground for relief.

Affirmed.