James Earl JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 56062, 56583.

Supreme Court of Missouri, Division No. 2.

Nov. 8, 1971.

---

2. Section 546.410, RSMo 1969, V.A.M.S.

Pohlmann & Dieckman, Lloyd F. Dieckman, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Thomas H. Stahl, Special Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

In November 1967 appellant was indicted for first degree murder, and after a jury trial in which he was found guilty and sentenced to death, a new trial was granted. On April 10, 1969 appellant entered a plea of guilty to first degree murder and was sentenced to life imprisonment, the minimum permissible sentence.

In March 1970 appellant filed *pro se* a motion pursuant to Supreme Court Rule 27.26, V.A.M.R., to vacate the judgment and sentence upon the alleged ground that (1) there was "improper identification on show-up or line-up when denied counsel to be present," and (2) he was "held in jail over twenty hours on investigation." Counsel, which was appointed to represent appellant on the motion, advised him that in view of his plea of guilty it was his opinion that the two matters set forth in the motion were not meritorious.

In a series of letters between appellant and his counsel, appellant was told that the record of his plea of guilty showed "full compliance" with the rules announced in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, even if the minimum requirements there announced were to be applied retroactively, and in three separate letters appellant's counsel requested him to advise of any other ground for challenging his plea of guilty. Appellant advised his counsel that he was not able to furnish any other ground, but in one letter he stated that there was "mental coercion involved" in his plea, but he set forth no facts or basis for that contention. He also asserted that in "Jackson v. United States, the court [ruled] it was an infringement of the Sixth Amendment * * * to have a 'statute' which says that if a defendant elects to plead guilty in a capital crime he can be assured of receiving a life sentence rather than death." Apparently reference was intended to United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138. The motion was not amended, and it may be presumed that counsel concluded that this contention was without merit.

On May 1, 1970, without an evidentiary hearing, the circuit court entered detailed findings of fact and conclusions of law, and held that the motion did not state facts which would entitle appellant to relief. Appellant obtained permission to file a late appeal, and the appeal was consolidated with an appeal from the denial of a subsequent motion filed pursuant to Rule 27.26.

■ In view of appellant's plea of guilty, neither of the alleged matters, even though we assume the truthfulness of the allegations, would afford any basis to vacate the judgment and sentence entered pursuant to the plea of guilty. Appellant does not contend otherwise on this appeal. The court properly ruled those matters without an evidentiary hearing. Rule 27.26(e).

On November 12, 1970, appellant filed pro se a second motion pursuant to Rule

27.26 to vacate the judgment and sentence, and he alleged as grounds therefor that (1) his plea of guilty was involuntary; (2) he "did not understand the consequences of his sentence but pleaded guilty thereto by advisement of counsel," and (3) the judgment and sentence "was coerced and induced." He admitted in his motion that none of these grounds was presented in his first motion, but in explanation therefor he asserted that (1) he "knew nothing concerning law," and (2) he had "no idea that these particular grounds had merit in their claim." He also alleged that the plea of guilty was involuntary because (1) the prosecuting attorney told him that in a second trial "he would make sure that there were no flaws or mistakes in the trial" and that he would seek the death penalty; (2) the prosecutor advised appellant that "he was intending to put George Brown [apparently a person who participated with appellant in the commission of the crime] on the stand to testify in behalf of the state;" (3) the prosecutor told him if he pleaded guilty he could assure him he would receive a life sentence and would probably be eligible for parole in ten years; (4) that his attorney told him that he had conferred with the attorney who represented him in the previous trial and had been told "there was no possible way to win the case;" (5) his attorney told him that if he pleaded guilty he would "get a life sentence and all the jailtime he had already served [which he did] which would have effect when he was reviewed for parole;" (6) his attorney told him that when he pleaded guilty if he did not convince the court he was guilty he would have to face the jury again and would receive the death penalty; and (7) he did not "understand the consequences of his sentence."

On February 3, 1971, the trial court, without an evidentiary hearing, entered its findings of fact that this motion was a second and successive motion filed by appellant, and that the new ground alleged could have been raised in the first motion. The motion was dismissed. We affirm.

Rule 27.26(d) provides that the sentencing court shall not entertain a second or successive motion for relief on behalf of a prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion. The statement of what occurred demonstrates beyond question that the ground alleged in the second motion could have been presented in the first motion. The facts, if the alleged facts were so, where known to appellant, and his attorney on three occasions requested appellant to advise him of any additional ground he believed he had. There must be an end to post-conviction challenges, and this case graphically demonstrates the soundness and the necessity for the rule set forth in paragraph (d) of Rule 27.26.

We add *ex gratia* that in view of the detailed and careful examination of appellant by the trial court [during which he personally described in detail the commission by him of the murder], and the care there exercised by the court to be certain that appellant voluntarily entered the plea of guilty with an understanding of the nature of the charge [all of which is of record and which we have carefully reviewed], when we assume that appellant would testify to precisely what he has set forth in his second motion, there would be no reason or justification for disturbing the judgment and sentence based on his plea of guilty.

The judgment in each case is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.