Andy NOLAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 56847.

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1972.

McHaney & Welman, Gary B. Ryan, Kennett, for appellant.

John C. Danforth, Atty. Gen., Glen A. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

This is a second motion by Andy Nolan under Criminal Rule 27.26, V.A.M.R., to vacate judgments of conviction and concurrent sentences of life and ten years' imprisonment on pleas of guilty to murder and assault with intent to kill, respectively. The opinion on the appeal of the first 27.26 motion is reported in Nolan v. State, Mo.Sup., 446 S.W.2d 754. The circuit court, without conducting a hearing and without making findings of fact and conclusions of law, dismissed the second 27.26 motion "by reason of prior motion to vacate, evidentiary hearing, denial of relief and affirmance by Supreme Court."

On this appeal [1] the prisoner asserts that the court erred in dismissing the motion without a hearing because the second 27.26 motion presented new questions of law and fact not previously ruled on. Criminal Rule 27.26(c) requires that a motion filed under this rule include every ground known to the prisoner for vacating, setting aside or correcting his conviction and sentence and he is required by the rule to verify the fact that he has recited all claims known to him. Paragraph (d) prohibits the sentencing court from entertaining a second motion for relief where the ground presented is new but could have been raised in the prior motion, and requires the prisoner to establish that any new ground raised in the second motion could not have been raised in the prior motion. In order to establish a reason for not previously raising grounds for relief it is necessary to *allege* a valid reason, but appellant failed to so allege. In paragraph 14 of his mo-

tion appellant gives as his excuse for not previously raising the new grounds that he was not mentally competent to do so and that he lacked legal or lay assistance to help him draft the prior 27.26 motion. Inconsistently, in paragraph 16, he admitted that he was represented at the prior 27.26 hearing by attorney James C. Bullard of Kennett. Both appellant and his attorney knew that he had been under examination at State Hospital No. 4; both knew of his mental condition; and no reason is alleged why appellant and his attorney could not have amended the original motion to assert these new grounds, by adding them to the two grounds alleged in the prior motion. Appellant makes no allegation which, if established by proof, would authorize a finding that he could not previously have presented these new grounds. It is clear that under the rule the additional grounds now sought to be presented could and should have been presented and asserted at the time of the filing and hearing of the first motion. Johnson v. State, Mo.Sup., 472 S.W.2d 433; Caffey v. State, Mo.Sup., 467 S.W.2d 857.

Nor did the court err in failing to make more detailed findings of fact and conclusions of law than those contained in the order of dismissal above quoted. The order disposes of the issues raised and its recitals are supported by the record. Drew v. State, Mo.Sup., 436 S.W.2d 727 [18]; Crosswhite v. State, Mo.Sup., 426 S.W.2d 67, 72.

Accordingly, the order of dismissal is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.

1. Notice of appeal filed before January 1, 1972.