**John Richard SALLEE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD26069.**

Missouri Court of Appeals,
Kansas City District.

Dec. 4, 1972.

Robert G. Duncan, Duncan & Russell, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, C. J., PRITCHARD and WASSERSTROM, JJ., and FRED E. SCHOENLAUB, Special Judge.

SHANGLER, Chief Judge.

The appellant filed his motion under Supreme Court Rule 27.26, V.A.M.R., to vacate, set aside or correct a sentence imposed upon convictions for burglary and stealing. The verdict of the jury assessed punishment at seven years for the burglary conviction and five years for the stealing conviction. On August 11, 1967, the Court gave allocution and entered judgment: "(T)hat the said defendant, in accordance with the verdict of the jury aforesaid, be confined in the Department of Corrections of the State of Missouri for the period of seven (7) years on the burglary charge and five (5) years on the larceny (sic) charge, or a total of (12) years in said Department of Corrections of the State of Missouri". The appellant was received in the Department of Corrections to serve a total of twelve years on the two convictions, that authority, obviously, having construed the judgment as consecutive sentences.

The sole contention asserted by appellant in the trial court, and now on this appeal, is that the judgment is vague and unclear as to whether the sentences were intended to be consecutive or concurrent and that there is a presumption in law which resolves such a doubt in favor of concurrency of sentences. Therefore the sentences must be held to be concurrent and judgment corrected accordingly.

Whatever may be the validity of this argument, and assuming the relief sought is within the adjudicatory scope of the 27.26 remedy, nevertheless appellant's present motion is foreclosed. Supreme Court Rule 27.26(d) provides:

"*The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner* where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or *where the ground presented is new but could have been raised in the prior motion* pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion." (Emphasis supplied)

The appellant acknowledges that he had filed an earlier 27.26 motion to vacate the sentences imposed and did not then raise the point he now asserts. Appellant seeks to excuse this dereliction by contending that when the previous motion was filed he did not know the Department of Corrections had enrolled the sentences as consecutive prison terms. The record of the prior proceeding which has been brought to our notice, however, clearly refutes this contention. Thus, from the evidentiary hearing on the first 27.26 motion this appears:

"Q. You're the same John Sallee that now has this prison number, No. 15108, is that correct?

"A. That's right, sir.

"Q. All right. Where are you presently incarcerated?

"A. In Missouri State Department of Corrections, Jefferson City, Missouri.

"Q. All right, and you're down there serving a sentence from this court, is that correct?

"A. That's correct.

"Q. And what sentence was imposed?

"A. Seven years on burglary and five on larceny.

"Q. Was that consecutive or concurrent.

"A. Consecutive."

The appellant's proposed findings of fact submitted to the trial court at the hearing recited and acknowledged that "he was sentenced to terms of imprisonment of seven years and five years, to be served consecutively". Then, in his brief for the appeal taken from the denial of that first motion, the appellant's Statement of Facts once again recited: "On August 11, 1967 after jury trial he was sentenced to seven

 

years for burglary and five years for stealing to run consecutively". The opinion of the Supreme Court affirming the denial of the first 27.26 motion adopts the effect appellant accorded the judgment: "His punishment was fixed by the jury at seven years' imprisonment for the burglary and five years for the stealing. The judgment provided that the sentences run consecutively." Sallee v. State, Mo., 460 S.W.2d 554, 555.

It is altogether plain from these, and other, record references that at the time the first motion for 27.26 relief was filed, the appellant was fully aware of not only the form of the judgment but also of the legal effect given the judgment of conviction by the Department of Corrections and by the courts through which he had already coursed. The ground for relief appellant now alleges could and should have been presented in the first 27.26 motion. Therefore, although the trial court in finding against the appellant undertook to adjudicate the merits, the subsequent 27.26 motion should not have been entertained at all. Supreme Court Rule 27.26(d). Johnson v. State, Mo., 472 S.W.2d 433, 435 [1].

All concur.