**A. D. WILWORDING, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 57272.**

Supreme Court of Missouri, Division No. 2.

Dec. 11, 1972.

Wm. P. Sanford, Springfield, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Alan Daniel Wilwording, charged, found guilty of first degree robbery and sentenced to twenty years' imprisonment, appealed and his judgment and sentence were affirmed. State v. Wilwording, Mo.Sup., 394 S.W.2d 383. Thereafter he filed a motion to vacate the judgment and sentence under Criminal Rule 27.26, V.A.M.R. The motion having been overruled he appealed and this Court affirmed. Wilwording v. State, Mo.Sup., 438 S.W.2d 447. On June 16, 1971 the prisoner filed a second motion under Criminal Rule 27.26 to vacate the sentence and judgment. The circuit court considered the motion, investigated and re-

viewed the files and records in the case, and overruled and dismissed the motion "on [the] ground that it presents no question of law or fact and no ground on which the relief requested may be granted * * *. The court finds and determines that all issues raised by the motions were or could have been known by Movant and raised by him in the prior 27.26 motion." The judge filed a carefully documented 9-page memorandum in which each of the five grounds counted upon by the prisoner in his 27.26 motion was reviewed and decided adversely to him. The court allowed the prisoner to appeal as a poor person and appointed counsel to represent him on appeal, which was taken and perfected. We have jurisdiction because the notice of appeal was filed prior to January 1, 1972. Art. V, §§ 3, 31, Constitution of Missouri, 1945, V. A.M.S.

The new grounds sought to be reviewed in this proceeding were the improper admission of evidence; perjury; subornation of perjury, and suppression of evidence.

Criminal Rule 27.26(c) requires that a motion filed under this rule include every ground known to the prisoner for vacating, setting aside or correcting his conviction and sentence and he is required by the rule to verify the fact that he has recited all claims known to him. Paragraph (d) prohibits the sentencing court from entertaining a second motion for relief where the ground presented is new but could have been raised in the prior motion, and requires the prisoner to establish that any new ground raised in the second motion could not have been raised in the prior motion. In Paragraph 14 of his motion the prisoner gave as his excuse for not previously raising the new grounds that his previously appointed attorneys (three respected members of the bar) "did not investigate the case, and the prosecuting attorney used his evidence as the truth when he knew same not to be the truth." Neither the conclusory allegation that previously appointed counsel did not "investigate the case" nor the allusion to the prosecuting attorney constitutes a valid reason why the new grounds could not have been raised by the prisoner in the prior motion. The prisoner knew whether the evidence introduced against him at the trial constituted perjury, etc. and counsel appointed to represent the prisoner on his first 27.26 petition had the benefit of the transcript of the testimony given at the trial which resulted in the conviction. "[N]o reason is alleged why appellant and his attorney[s] could not have amended the original motion to assert these new grounds, by adding them to the [several] grounds alleged in the prior motion. Appellant makes no allegation which, if established by proof, would authorize a finding that he could not previously have presented these new grounds. It is clear that under the rule the additional grounds now sought to be presented could and should have been presented and asserted at the time of the filing and hearing of the first motion. Johnson v. State, Mo.Sup., 472 S.W.2d 433; Caffey v. State, Mo.Sup., 467 S.W.2d 857." Nolan v. State, Mo.Sup., 484 S.W.2d 273, 274. By the provisions of the rule the circuit court was prohibited from entertaining the motion to vacate and the order overruling and dismissing the motion is affirmed.

STOCKARD, C., concurs.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.