**Alan Daniel WILWORDING,
Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri
State Penitentiary, Jefferson City,
Missouri, Respondent.**

**Civ. A. No. 73CV55-W-3.**

United States District Court,
W. D. Missouri, W. D.

Oct. 19, 1973.

Alan Daniel Wilwording, pro se.

Stephen D. Hoyne, Asst. Atty. Gen.,
Jefferson City, Mo., for respondent.

FINAL JUDGMENT DISMISSING PE-
TITION FOR A WRIT OF HA-
BEAS CORPUS WITHOUT PREJ-
UDICE

WILLIAM H. BECKER, Chief Judge.

This is a petition for a writ of habeas
corpus by a state prisoner in custody at
the Missouri State Penitentiary, Jeffer-
son City, Missouri. Petitioner seeks an
adjudication that his conviction and sen-
tence were illegally imposed upon him
in violation of his federal constitutional
rights. Petitioner has requested leave
to proceed in *forma pauperis*. By prior
order of this Court on February 16, 1973,
petitioner was granted leave to proceed in
*forma pauperis*.

Petitioner states that he was convicted
upon a finding of guilt by a jury in the
Circuit Court of Greene County, State
of Missouri, of robbery in the first de-
gree in violation of Section 560.120
RSMo, V.A.M.S.; that he was sentenced
on that conviction on the 25th day of
June, 1964, to a term of twenty years
imprisonment; that he appealed from the
judgment of conviction and imposition of
sentence to the Missouri Supreme Court;
that the judgment of conviction and im-
position of sentence was affirmed in

State of Missouri v. Wilwording, 394 S.W.2d 383 (Mo.Sup.1965).

With respect to postconviction relief from the judgment of conviction, petitioner states that he has filed the following motions on the following dates in the following respective courts with the following results: (1) a motion to vacate sentence and conviction under Missouri Supreme Court Rule 27.26, V.A. M.R., in the Circuit Court of Greene County, State of Missouri, which was denied on March 18, 1968, and affirmed on appeal in Wilwording v. State of Missouri, 438 S.W.2d 447 (Mo.Sup.1969); (2) a petition for federal habeas corpus in this Court, which was denied on October 6, 1969, in Wilwording v. Swenson, 331 F.Supp. 1188 (W.D.Mo.1969), and (3) a petition for federal habeas corpus in this Court which was denied on November 12, 1970, in Wilwording v. Swenson, 326 F.Supp. 1145 (W.D.Mo. 1970), affirmed 446 F.2d 553 (8th Cir. 1971) (also a petition for federal habeas corpus concerning conditions of confinement was filed in this Court which was denied in Wilwording v. Swenson, 331 F.Supp. 1188, reversed 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971)).

Petitioner states that he is "not certain" whether he was represented by counsel at his arraignment and plea but was represented by counsel at all other stages of the proceedings against him.

Petitioner further states that the grounds for relief set forth in paragraph ten of the questionnaire form required of habeas corpus petitioners by Local Rule 22 of this Court, have not been previously presented to this Court or any other federal or state court. In explanation thereof, at paragraph sixteen of the printed form, petitioner states:

"None of these grounds were raised in any prior proceeding and the reason for these grounds not being raised, is that Movant's past arroney's (sic) did not investigate the case, and the Prosecuting Attorney used his evidence as the truth, when he knew same not to be the truth. These grounds were discovered in the month of April 1971, after petitioner allowed Bobby George Stroud, a jailhouse lawyer, to read the record of petitioner's third trial."

As grounds on which he bases his allegation that his conviction and sentence were illegally imposed in violation of his federal constitutional rights, petitioner states as follows: (1) that he was denied due process of law when perjured testimony was used against him at trial; (2) that the State purposely "created a false impression of the facts to lay a foundation for the introduction of officer Mickle's . . . false and perjured testimony"; (3) that the State suborned perjured testimony of William James Wilkinson; (4) that the State suppressed evidence; (5) that the use of evidence by the State of other crimes committed by petitioner was prejudicial; (6) that the use of evidence by the State of petitioner's arrest in another state and the use of evidence "showing flight" where petitioner "attempted to escape following that arrest" was prejudicial; (7) that petitioner was denied due process of law and effective assistance of counsel "on his recent post conviction appeal to the Missouri Supreme Court . . . by reason of said Court's denial of petitioner's first and second trial transcripts to his Court Appointed Counsel William P. Sanford"; and (8) that petitioner was denied due process of law ". . . . by refusal of the trial and Supreme Courts of Missouri to grant petitioner an evidentiary hearing on the serious issues raised in this petition."

On February 16, 1973, this Court entered an order granting petitioner leave to proceed in *forma pauperis* and directing respondent to show cause why the petition herein for a writ of habeas corpus should not be granted.

Following the filing of a motion for extension of time to respond to the above show cause order and the grant thereon by this Court on March 6, 1973, the respondent filed herein on April 2, 1973, his response to this Court's show cause order, including therewith the following exhib-

its: (1) a true and correct copy of the transcript of the record on appeal in the case of Wilwording v. State of Missouri, (Mo.) 487 S.W.2d 578 in the Supreme Court of Missouri; (2) a true and correct copy of the appellant's brief filed in the above noted cause of Wilwording v. State of Missouri, (Mo.) 487 S.W.2d 578, in the Supreme Court of Missouri; and (3) a true and correct copy of respondent's brief in the above action of Wilwording v. State of Missouri, (Mo.) 487 S.W.2d 578, in the Supreme Court of Missouri.

On April 24, 1973, petitioner filed herein his traverse to the response of the respondent to this Court's show cause order of February 16, 1973.

The record in this cause establishes that petitioner has been involved in extensive postconviction litigation. In respect to the question of exhaustion of state remedies, petitioner states that he filed *one* motion to vacate his judgment of conviction and sentence under Missouri Supreme Court Rule 27.26 in the Circuit Court of Greene County, State of Missouri. Petitioner further states that this 27.26 motion was filed on December 20, 1967. After the holding of an evidentiary hearing thereon, the Court overruled petitioner's motion and entered a memorandum opinion on March 18, 1968. That decision was appealed to the Missouri Supreme Court where it was subsequently affirmed in State of Missouri v. Wilwording, 394 S.W.2d 383 (Mo.Sup. 1965), cited above.

The record further reveals, and petitioner failed to state, that two additional 27.26 motions to vacate his sentence and judgment of conviction were apparently filed by petitioner in the Circuit Court of Greene County, State of Missouri, on March 18, 1966,[1] and June 16, 1971, respectively. Although his June 16, 1971, motion stated five separate paragraphs as grounds for relief, it would appear

that the following two basic contentions were presented: (1) that the testimony of Officer Mickle concerning the arrest in Kansas of the petitioner several days after the crime charged, and his testimony concerning the petitioner's attempts to flee was improperly admitted, was the subject of perjury and was evidence of another crime which prejudiced the jury and deprived the petitioner of due process; and (2) that the alleged conflict of the testimony of identification witness William James Wilkinson (who testified at the second trial of the petitioner, which resulted in a hung jury) that he was not positive that the petitioner was one of the robbers until the police had the petitioner upstairs in the police station by himself, and Mr. Wilkinson's testimony at the third trial that he identified the petitioner as one of the robbers after seeing him in a five man lineup, was deliberate suppression of evidence by the prosecution and a demonstration that the prosecution had suborned perjury of the witness William James Wilkinson.

It appears that petitioner's first basic contention was presented in paragraphs 8(a), 8(b), and 8(d) of his 27.26 motion filed June 16, 1971, and that his second basic contention was presented in paragraphs 8(c) and 8(e) of that same motion. It is further apparent that the present petition for a writ of habeas corpus presents these same two basic contentions, along with the allegation that he was unlawfully denied a full and fair hearing on these grounds in state court. The first basic contention heretofore noted is presented in paragraphs 10(a), 10(b), 10(e) and 10(f) of petitioner's present petition for habeas corpus. The second basic contention heretofore noted is presented in paragraphs 10(c), 10(d), and 10(g) of petitioner's petition herein. Thus, the grounds presented in petitioner's third motion under Rule 27.26 and the grounds presented herein in petition-

1. This motion to vacate judgment and sentence was filed on March 8, 1966. The motion was denied by the trial court and an ap-

peal to the Supreme Court of Missouri followed. This appeal was dismissed by the petitioner.

er's petition for a writ of habeas corpus are identical.

The Circuit Court of Greene County, Missouri, overruled petitioner's third 27.-26 motion without a hearing. In his memorandum opinion (respondent's exhibit AA, pages 35–45), Judge Keet found that the facts which formed the basis for petitioner's contentions were known to him at the time of the hearing on his second motion under Rule 27.26. Judge Keet stated that:

.·"Rule 27.26(d) withholds power from this court to entertain a second or successive motion where the ground is new but could have been raised in the prior motion. *The burden is on the Movant to establish that any new ground could not have been raised by him in the prior motion.* Defendant, by the allegations in his present motion, in the setting of all of the prior procedure, makes it clear that as a matter of law, each ground in the present motion could have been raised in the prior motion and that the Movant has failed to establish that any of the grounds could not have been raised by him in the prior motion." (Emphasis added.)

The Court found that petitioner had failed to comply with subsection c of Rule 27.26 which requires that a motion filed under this rule include every ground known to the prisoner for setting aside or correcting his conviction and sentence and he is required by the rule to verify the fact that he has recited all claims known to him. As to petitioner's awareness of this requirement, the Circuit Court noted as follows:

"The court takes judicial notice of its record in Case No. 54644-3 that defendant's second 27.26 motion was on the form specified by the then applicable Rule 27.26 which contained the following under the heading 'Instructions—Read Carefully: Under the provisions of Rule 27.26 petitioner is required to include in this motion every ground known to him for vacat-ing, setting aside or correcting his conviction and sentence or it will be waived or abandoned. Be sure to include every ground' The affidavit to the motion stated: 'that it includes every ground known to me for vacating, setting aside or correcting the conviction and sentence attacked in this motion.' "

The Court found that the petitioner's excuse for not having raised these grounds in prior proceedings was insufficient. The excuse presented by petitioner in paragraph 14(a) of his motion was as follows:

"None of these grounds were raised in any prior proceedings, and the reason for these grounds not being raised, is that movant's past attorney's (sic) did not investigate the case, and the prosecuting attorney used his evidence as the truth when he knew same not to be the truth." (respondent's exhibit AA, page 20.)

The finding by the Circuit Court of Greene County, Missouri, that the petitioner had failed to comply with Rule 27.26(c), which requires that a motion filed under this rule include every ground known to the prisoner, was affirmed on appeal by the Supreme Court of Missouri in Wilwording v. State of Missouri, 487 S.W.2d 578 (Mo.Sup.1972). In that Supreme Court case, the following findings were made:

" . . . In Paragraph 14 of his motion the prisoner gave as his excuse for not previously raising the new grounds that his previously appointed attorneys (three respected members of the bar) 'did not investigate the case, and the prosecuting attorney used his evidence as the truth when he knew same not to be the truth.' Neither the conclusory allegation that previously appointed counsel did not 'investigate the case' nor the allusion to the prosecuting attorney constitutes a valid reason why the new grounds could not have been raised by the prisoner in the prior motion. The prisoner

knew whether the evidence introduced against him at the trial constituted perjury, etc. and counsel appointed to represent the prisoner on his first 27.-26 petition had the benefit of the transcript of the testimony given at the trial which resulted in the conviction. '[N]o reason is alleged why appellant and his attorney[s] could not have amended the original motion to assert these new grounds, by adding them to the [several] grounds alleged in the prior motion. Appellant makes no allegation which, if established by proof, would authorize a finding that he could not previously have presented these new grounds. It is clear that under the rule the additional grounds now sought to be presented could and should have been presented and asserted at the time of the filing and hearing of the first motion. Johnson v. State, Mo.Sup., 472 S.W.2d 433; Caffey v. State, Mo.Sup., 467 S.W.2d 857.' Nolan v. State, Mo.Sup., 484 S.W.2d 273, 274." Wilwording v. State of Missouri, supra at 579.

As indicated by the above discussion, an issue to be considered herein is whether the Missouri Circuit and Supreme Courts reliably found that the petitioner avoided the opportunity to present contentions in state court, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate bypassing of adequate state remedies. If a finding is reliably made that petitioner has deliberately bypassed adequate state procedures established for postconviction adjudication of prisoners' claims, then this Court would be warranted in denying petitioner a successive hearing on a successive federal habeas corpus petition. Murch v. Mottram, 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194 (1972), reh. denied 409 U.S. 1119, 93 S.Ct. 894, 34 L.Ed.2d 704 (1973); Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Deckard v. Swenson, 335 F.Supp. 992, 996 (W.D.Mo. 1971); Taggert v. Swenson, 313 F.Supp. 146, 147 (W.D.Mo.1970); Vera v. Beto,

332 F.Supp. 1197 (S.D.Tex.1971); cf. Sanders v. United States, 373 U.S. 1, 17–18, 83 S.Ct. 1068, 10 L.Ed.2d 148, 163 (1963).

A case nearly identical to the one at bar is that of Murch v. Mottram, *supra*. This recent Supreme Court decision involved a successive postconviction action by a state prisoner whose conviction in a Maine court had been affirmed on appeal, and whose subsequent parole had been revoked. Following that revocation, Mottram brought an action in the Superior Court of Cumberland County, Maine, originally seeking to challenge the validity of his conviction, but subsequently electing to challenge only the procedure employed for revoking his parole, notwithstanding that the state court judge had warned that he considered the proceedings to be for postconviction relief, governed by a state statute under which grounds for such relief that are not asserted are deemed to be waived. The prisoner's attack on the parole revocation procedures was rejected by the Superior Court and sustained on appeal. Thereafter, Mottram brought an action for postconviction relief in which he sought to challenge the validity of his conviction. The Superior Court dismissed the petition and on appeal, the Supreme Judicial Court of Maine held that the prisoner's failure to assert such claims in the earlier state proceedings constituted a waiver thereof. Mottram v. State of Maine, 263 A.2d 715 (Me. 1970). The prisoner then sought relief by federal habeas corpus, challenging the constitutionality of his original conviction. After an evidentiary hearing, the District Court found the prisoner was at least of average intelligence, had been represented in the state courts by competent counsel, and had been aware of the possible consequences of failing to attack the validity of his conviction in the first state court proceeding. The District Court denied relief on the grounds that Mottram had deliberately bypassed state procedures established for postconviction adjudication of pris-

oners' claims, and that in any event, the prisoner's constitutional claims were without merit. Mottram v. Murch, 330 F.Supp. 91 (S.D.Me.1971). The Court of Appeals for the First Circuit reversed, holding that the prisoner had not waived his right to raise the constitutional issues, and that he was entitled to relief on one of the grounds asserted. Mottram v. Murch, 458 F.2d 626 (1st Cir. 1972).

On certiorari, the United States Supreme Court reversed. In a per curiam opinion, it was held that under the record presented, the prisoner's conduct fully supported the conclusion that he had deliberately chosen to bypass orderly state procedures, thus warranting a denial of federal habeas corpus relief. Murch v. Mottram, *supra*.

In so holding, the Supreme Court stated that:

> "There can be no doubt that States may likewise provide, as Maine has done, that a prisoner seeking post-conviction relief must assert all known constitutional claims in a single proceeding. Indeed, the Court of Appeals agreed that the Maine statutory scheme was an 'orderly procedure of the state courts,' as that term is used in Fay v. Noia, supra, at 438, 83 S.Ct. at 849 [9 L.Ed.2d at 869]. *No prisoner has a right either under the Federal Constitution or under 28 U.S.C. § 2241 [28 U.S.C.S. § 2241 (1970)], to insist upon piecemeal collateral attack of a presumptively valid criminal conviction in the face of such a statutory provision.*" (Emphasis added.)

With respect to respondent's allegation that petitioner has waived his rights to raise the present contentions by failing to allege facts showing why he could not have raised these contentions in his prior motions, petitioner states that his "past attorneys did not investigate the case. . . ." Petitioner further notes that "[t]hese grounds were discovered in the month of April 1971, after petitioner allowed Bobby George Stroud, a jailhouse lawyer, to read the record of petitioner's third trial."

Petitioner's excuse for not raising his present contentions in his earlier motions is without merit. It is apparent from the record in this case, that petitioner was adequately represented by competent counsel. Furthermore, this Court's long-time familiarity with petitioner by reason of his numerous habeas petitions filed herein, provides an adequate basis to conclude that the State Circuit and Supreme Courts reliably found that petitioner is of sufficient intelligence and relatively familiar with the processes involved in seeking state and federal postconviction relief. This Court cannot find any merit to the conclusory allegation that petitioner's counsel did "not investigate the case" adequately so as to discover the present contentions, while a "jail-house lawyer" named Bobby George Stroud, upon reading the record, somehow "discovered" this "new" evidence.

As alluded to above, Judge Keet examined the record in respect to petitioner's third 27.26 motion and found that petitioner's present grounds could and should have been presented and. asserted at least at the time of the filing and hearing of petitioner's first 27.26 motion. Upon another independent review of the record, the Missouri Supreme Court came to this same conclusion in its decision which affirmed Judge Keet's earlier ruling. Wilwording v. State of Missouri, 487 S.W.2d 578, 579 (Mo.Sup.1972). This Court, upon its own independent (third independent review) review of the record, can find no facts or evidence to contradict the earlier findings or to justify petitioner's deliberate bypassing of state remedies. Petitioner has failed to meet his burden in establishing that the present grounds could not have been raised by him in his prior 27.26 motions.

Furthermore, the State of Missouri, in establishing the modern progressive comprehensive postconviction remedy

under its Criminal Rule 27.26 and accompanying subsections (c)[2] and (d)[3] has ". . . likewise provide[d] as Maine has done, that a prisoner seeking post-conviction relief must assert all known constitutional claims in a single proceeding." Murch v. Mottram, *supra* at 199, 93 S.Ct. at 73. In this sensitive and oft-times strained area of federal-state relations, a state prisoner may not ". . . insist upon piecemeal collateral attack of a presumptively valid criminal conviction in the face of such a statutory provision." Murch v. Mottram, *supra* at 199, 93 S.Ct. at 73.

Thus, this Court is satisfied that, based on (1) the reliable findings of the trial court and the Missouri Supreme Court in respect to petitioner's third 27.26 motion and the appeal thereon, (2) independent review of the entire record, (3) familiarity with the intelligence and knowledge of petitioner herein, (4) the insufficiency of petitioner's reason for not previously raising the present contentions in his earlier Rule 27.26 motions, and (5) the legitimate interests of the State of Missouri to avoid piecemeal collateral attacks upon a presumptively valid criminal conviction in the face of subsections (c) and (d) of Missouri Supreme Court Rule 27.26, petitioner's conduct supports

the conclusion that he deliberately chose to bypass adequate and orderly state procedures established for postconviction adjudication of prisoners' claims, thus warranting a denial of the habeas corpus relief requested herein. Murch v. Mottram, *supra*; Fay v. Noia, *supra*; Eskridge v. Rhay, 345 F.2d 778 (9th Cir. 1965), cert. denied 382 U.S. 996, 86 S.Ct. 582, 15 L.Ed.2d 483 (1965); Deckard v. Swenson, *supra*; Taggert v. Swenson, *supra*; Vera v. Beto, *supra*. *See also,* Henry v. Mississippi, 379 U.S. 443, 447–450, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Wong Doo v. United States, 265 U.S. 239, 241, 44 S.Ct. 524, 68 L. Ed. 999 (1924); cf. Sanders v. United States, *supra*.

■ There is no need to hold another evidentiary hearing to review the facts reliably found by the Missouri Circuit Court and the Missouri Supreme Court that the petitioner deliberately bypassed the state courts in failing to include the alleged new grounds in the state post-conviction motion that resulted in the appointment of counsel and a plenary evidentiary hearing because (1) it is hereby concluded that the petitioner was afforded a full and fair hearing by the State Circuit Court resulting in reliable findings,[4] Townsend v. Sain, 372

2. Missouri Supreme Court Rule 27.26(c) provides as follows:

"*Form and Sufficiency of Motion.* A motion to vacate a sentence must be submitted on a form substantially in compliance with the form appended hereto. The motion shall include every ground known to the prisoner for vacating, setting aside or correcting his conviction and sentence. The prisoner shall verify the correctness of the motion, including the fact that he has recited all claims known to him."

3. Missouri Supreme Court Rule 27.26(d) provides as follows:

"*Successive Motions.* The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the

provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any ground raised in a second motion could not have been raised by him in the prior motion."

4. In the United States Supreme Court decision in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, 789 (1963) the Court noted as follows:

"It is appropriate to add a few observations concerning the prior application of the test we have outlined.

"*First.* The purpose of the test is to indicate the situations in which the holding of an evidentiary hearing is mandatory. In all other cases where the material facts are in dispute, the holding of such a hearing is in the discretion of the district judge. If he concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the

U.S. 293, 9 L.Ed.2d 770, 789–790, 83 S.Ct. 745 (1963), and (2) petitioner does not claim that he was mentally unable to understand what was the purpose of the original postconviction motion under Missouri Supreme Court Rule 27.26 and of the evidentiary hearing thereon.

To the extent that discretion to hold a new evidentiary postconviction hearing on this much litigated case is discretionary it is concluded that such a new hearing should not be held.

■ In the alternative, on the merits of petitioner's claims it is found that none of the grounds presented in this petition are cognizable in postconviction federal habeas corpus because each of them relates to issues of fact, and rulings on evidence determined in the original trial by jury. In substance, the petitioner attempts to relitigate the questions of credibility of witnesses determined in the original trial by jury, and to relitigate the rulings on the evidence at that trial which do not involve violation of federal rights. Federal habeas corpus is not available to a state convict to review, as on appeal, allegations of error in the findings of a state court jury, or the rulings on evidence, neither of which involve denial of federal rights. Such is the case here. The petitioner cannot transform conventional claims of error in trial under state law into federal constitutional questions by conclusory use of constitutional terms such as "due process of law."

So in the alternative, precise factual and legal claims on the merits do not require a new successive evidentiary hearing since (eliminating the conclusory language) no relief would be

forthcoming if they were shown to be true. Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1970), reh. denied 401 U.S. 966, 91 S.Ct. 966, 28 L.Ed.2d 249 (1971).

For the foregoing reasons, it is therefore

Ordered and adjudged that the petition herein for a writ of habeas corpus be, and it is hereby, dismissed without prejudice.

---

hearing. But he need not. In every case he has the power, constrained only by his sound discretion, to receive evidence bearing upon the applicant's constitutional claim. There is every reason to be confident that federal district judges, mindful of their delicate role in the maintenance of proper federal-state relations, will not abuse that discretion. We have no fear

that the hearing power will be used to subvert the integrity of state criminal justice or to waste the time of the federal courts in the trial of frivolous claims." See also, Caffrey, The Impact of the Townsend and Noia Cases on Federal District Judges, 33 F.R.D. 447, 473–474 (1963).