**Freddie Lee GRANT, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57195.**

Supreme Court of Missouri, Division No. 1.

Nov. 13, 1972.

Linus E. Young, Portageville, for movant-appellant; Guy F. Brown, Inmate Legal Counselor, Jefferson City, on brief for Freddie L. Grant.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal (filed prior to January 1, 1972) from denial, without hearing, of proceeding under Supreme Court Rule 27.26, V.A.M.R., for relief from 99-year sentence on jury verdict of guilty on charge of forcible rape.

On June 13, 1962, a jury in the New Madrid County Circuit Court found Freddie Lee Grant guilty of forcible rape. Acting under the Second Offender Act, the trial court immediately pronounced sentence of 99 years and judgment was entered. Because judgment had been entered prior to the time granted defendant for filing a motion for new trial, this court in an opinion delivered July 13, 1964, in a proceeding under Rule 27.26, V.A.M.R., set aside the judgment, remanded the case for consideration of the defendant's motion for new trial and for entry of a new judgment. State v. Grant, Mo., 380 S.W.2d 799. The court in that case rejected a claim of errors violating the appellant's constitutional rights. 380 S.W.2d 803–804 [9].

After his motion for new trial was overruled upon the remand and following resentencing to a term of 99 years, a direct appeal from the conviction was filed in this court. The judgment of the trial court was affirmed. State v. Grant, Mo., 394 S.W.2d 285. All of the appellant's claims of trial error were rejected. None was based upon constitutional grounds.

In 1968, appellant filed a motion under amended Supreme Court Rule 27.26, V.A.M.R., in the New Madrid County Circuit Court. The ground of the motion was that his identification by the victim was the result of an unnecessarily suggestive confrontation which violated the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States. A hearing was held on

the motion with the movant present and represented by counsel. The trial court rejected the claim for relief. This court affirmed on appeal. Grant v. State, Mo., 446 S.W.2d 620.

On July 8, 1971, appellant filed in the New Madrid County Circuit Court the motion under Supreme Court Rule 27.26, V. A.M.R., which is the subject of the present appeal. Attacking the same conviction, it alleges six grounds for relief, summarized in the motion as follows:

" * * * [T]his petitioner was: suspiciously arrested, held incommunicado for five days, and was placed in a sweat-box torture chamber . . . . . the application of the Second Offender Act was in violation of movant's right to due process . . . . . the Judge of the Magistrate Court unnecessarily granted continuances in movant's case . . . . . movant did not have a preliminary hearing and he did not knowingly and understandingly waive same . . . . . movant was not afforded a speedy trial as he was held in jail for over 19 months with a bond . . . . . and movant was not afforded the effective assistance of counsel during or in the preliminary stages of his trial as is constitutionally required, * * *."

In explanation for the failure to include such grounds upon prior motions, the motion in this case states:

"EVERY GROUND LISTED WITHIN THIS PETITION 8a thru 8f and 9a thru 9f ARE GROUNDS WHICH HAVE NEVER BEEN PRESENTED AND RULED ON IN ANY COURT. THE REASON THEY WERE NOT PRESENTED IN THE MOVANT'S FORMER PETITIONS WAS BECAUSE THE EVIDENCE SUPPORTING AND SAID GROUNDS WERE UNAVAILABLE AND PETITIONER WAS UNAWARE OF THE LEGAL SIGNIFICANCE OF SAID EVIDENCE DUE TO HIS IGNORANCE OF THE LAW."

Without a hearing, the trial court overruled the motion for the reason that "the grounds presented by * * * the motion to vacate sentence and judgment * * * could have been raised in the prior motion pursuant to the provisions of subsection (c) of Supreme Court Rule 27.26."

Supreme Court Rule 27.26(c) and (d), provide:

"(c) Form and Sufficiency of Motion. A motion to vacate a sentence must be submitted on a form substantially in compliance with the form appended hereto. The motion shall include every ground known to the prisoner for vacating, setting aside or correcting his conviction and sentence. The prisoner shall verify the correctness of the motion, including the fact that he has recited all claims known to him.

"(d) Successive Motions. The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion."

In view of these provisions, the trial court's ruling in dismissing the motion was not clearly erroneous. The grounds of the motion here involved present factual matters within the knowledge of movant at the time of his prior motions and clearly could have been raised in the prior proceedings. In view of the allegation of fact relied upon for relief, the trial court was not obliged to accept the bare allegation that "the evidence supporting such grounds were (sic) unavailable." Nor is the movant's continuing legal education while imprisoned a valid excuse for failing to present the facts which were known at the time of the prior applications. Otherwise, every time a new legal theory becomes known to a prisoner, he would be entitled

to another 27.26 motion, ad infinitum. Johnson v. State, Mo., 472 S.W.2d 433; Newman v. State, Mo., 481 S.W.2d 3.

█ The appellant, in a pro se motion for rehearing, sought to place the blame for failure to include these matters in his prior motion on the failure of counsel to comply with the requirements of subparagraph (h) of Rule 27.26, V.A.M.R. The motion before the court did not include any such allegation and the motion for rehearing could not enlarge the content of the motion upon which the court was called to act.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

HOLMAN, P. J., SEILER, J., and KEET, Special Judge, concur.

BARDGETT, J., not sitting.