Jerry L. JONES, Movant,

v.

STATE of Missouri, Respondent.

No. KCD 27143.

Missouri Court of Appeals,
Kansas City District.

March 3, 1975.

Motion for Rehearing and/or Transfer
Denied March 31, 1975.

Application to Transfer Denied
May 12, 1975.

William B. Bunch, Public Defender, Sixteenth Judicial Circuit, James W. Fletcher, Asst. Public Defender, Kansas City, for movant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J. and TURNAGE, J.

SOMERVILLE, Judge.

This appeal stems from a denial of appellant's second Rule 27.26, V.A.M.R., motion without an evidentiary hearing. The trial court's ruling was predicated on disclosures patent on the face of the files and records in the case. The principal disclosure was appellant's failure to allege any reason why any new grounds asserted in his second motion could not have been presented in his first Rule 27.26 motion. The trial court's denial of an evidentiary hearing on appellant's second Rule 27.26 motion, and a companion finding that the second motion presented nothing that would entitle appellant to the appointment of counsel, are now challenged on appeal.

On June 26, 1951, after trial by jury, appellant, who was charged with armed robbery as a second offender, was sentenced to a term of life imprisonment. No appeal was taken. A history of succeeding post-conviction proceedings up to October 13, 1969, is contained in Jones v. State, 445 S. W.2d 311 (Mo.1969). As disclosed therein, appellant, on October 7, 1964, filed his first Rule 27.26 motion, which was overruled by the trial court without an evidentiary hearing. Upon appeal, the Supreme Court of Missouri set aside the order of the trial court and remanded the cause. On remand, counsel was appointed for appellant and his first Rule 27.26 motion was amended. The original sentence and judgment were attacked on four grounds. After an evidentiary hearing, one of the grounds, that appellant had been denied the right of appeal because the decision not to appeal was "made solely by defense counsel", was sustained, but the remaining grounds were ruled adversely to appellant. The trial court then vacated and set aside the original judgment and sentence and re-sentenced appellant to confinement for his natural life. Rule 27.26(i). Appellant then appealed from the judgment imposing the life sentence and also from the judgment entered in the post-conviction proceeding under Rule 27.26. The joint appeals were consolidated and both were affirmed by the Supreme Court of Missouri. Jones v. State, supra. A history of post-conviction proceedings subsequent to October 13, 1969, per appellant's second Rule 27.26 motion, discloses unsuccessful state (1972) and federal (1972 and 1973) habeas corpus writs and denial of an application for writ of certiorari to the Supreme Court of the United States (1973).

Appellant has conceded that certain grounds alleged in his second Rule 27.26 motion "conclusively present no grounds for relief" because they were contained in his first Rule 27.26 motion and adjudicated adversely to him in Jones v. State, supra. See Rule 27.26(d).

■ Purported "new grounds" for relief contained in appellant's second Rule 27.26 motion may be stated as follows: (1) the "Habitual Criminal Act" was improperly invoked; (2) sentencing by the jury was improper under the "Habitual Criminal Act"; (3) appellant was denied "the right to compulsory process of obtaining wit-

nesses"; and (4) appellant was denied a preliminary hearing. The only excuse tendered by appellant in his second Rule 27.26 motion for not having presented the above four grounds in his first Rule 27.26 motion was simply "[l]ack of legal knowledge." The files and records in the case, apart from the motion itself, fail to state or suggest, direct or indirectly, any reason or justification for not presenting the above four grounds in appellant's first Rule 27.26 motion, nor does appellant's brief do so. Rule 27.26(d) provides that a second or successive Rule 27.26 motion shall not be entertained where the ground presented in a subsequent motion was raised and determined adversely to movant in a prior motion *or where the ground presented in a second or successive motion could have been raised in the first motion pursuant to Rule 27.26(c)*, and, with respect to the latter, a burden is imposed upon movant "to establish that any new ground raised in a second motion could not have been raised by him in the prior motion." The imposed burden required appellant to allege a reason or reasons "which, if established by proof, would authorize a finding that he could not previously have presented these new grounds." Nolan v. State, 484 S.W.2d 273, 274 (Mo.1972). The bare allegation of "lack of legal knowledge" will not authorize a finding that appellant could not have previously presented the new ground in his first Rule 27.26 motion. Grant v. State, 486 S.W.2d 641 (Mo.1972). In view of the absence of any other alleged reason or reasons, appellant failed to meet the burden imposed upon him by Rule 27.26(d). Since appellant's second 27.26 motion, along with all other portions of the files and records in the case, conclusively demonstrated that no grounds were presented for the trial court to "entertain", Rule 27.-26(d), the trial court did not err in failing to conduct an evidentiary hearing thereon. Childers v. State, 502 S.W.2d 249 (Mo. 1973); Huffman v. State, 487 S.W.2d 549 (Mo.1972); and Roe v. State, 496 S.W.2d 278 (Mo.App.1973).

Nor did the trial court err in refusing to appoint counsel for appellant. When a second Rule 27.26 motion, in conjunction with other portions of the files and records in the case, discloses that the motion should not be entertained because of non-compliance with Rule 27.26(d) "there is no need for the [trial] court to appoint counsel in connection" with a second motion. Duisen v. State, 504 S.W.2d 3 (Mo.1974). Appellant has failed to advance any sound or convincing reason distinguishing this case from Duisen v. State, supra, regarding the trial court's failure to appoint counsel, and the holding therein and the carefully thought out and clearly expressed reasons undergirding it, are equally viable here.

Judgment affirmed.

All concur.