James Nathaniel MOORE,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 36342.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 23, 1975.

Charles D. Kitchin, Public Defender, James C. Jones, Marilyn K. Wallach, Asst. Public Defenders, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James A. Roche, Jr., Asst. Circuit Atty., St. Louis, for respondent.

SMITH, Chief Judge.

Movant appeals from the order of the trial court denying his Rule 27.26 motion to vacate his conviction. The motion was denied without evidentiary hearing.

Movant was convicted in 1961 of forcible rape and sentenced by the court as a Second Offender to forty-five years imprisonment. That conviction was affirmed in *State v. Moore*, 435 S.W.2d 8 (Mo. banc 1968). That case also affirmed the denial of a 27.26 motion filed after conviction. In 1970 movant's second 27.26 motion was denied following an evidentiary hearing at which movant was represented by counsel. That denial was affirmed in *Moore v. State*, 485 S.W.2d 9 (Mo.1972). Movant's present motion seeks to vacate the 1961 conviction by attacking the court's finding in that proceeding that movant was a second offender and by attacking the evidence upon which that finding was based.

Rule 27.26(d) provides:

The sentencing court *shall not entertain a second* or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or *where the ground presented is new but could have been raised in the prior motion* pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion." (Emphasis supplied).

The matters now raised by movant are new but they could have been raised in his prior 27.26 motions. No newly discovered doctrines of constitutional law are involved. The record and the present motion show movant was represented by counsel on such motion despite his statement in the motion that "he had no one to advise him." The action of the trial court in refusing to entertain the motion was proper. *Johnson v. State*, 472 S.W.2d 433 (Mo.1971).

Judgment affirmed.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.