**R. D. EVANS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 36976.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 7, 1976.

Jeffrey J. Shank, Asst. Public Defender, Robert C. Babione, Public Defender, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for respondent.

McMILLIAN, Presiding Judge.

Appellant appeals from a judgment of the circuit court of the City of St. Louis denying, after an evidentiary hearing, his second Rule 27.26, V.A.M.R., motion to vacate his conviction of murder in the first degree and a sentence of life imprisonment entered by the circuit court on 27 October 1966. The record shows that the Missouri Supreme Court previously affirmed appellant's direct appeal. 439 S.W.2d 170 (1969). The sole ground for relief on the direct appeal was that the trial court erroneously admitted into evidence appellant's confession, given at a time when he was without counsel and allegedly not properly warned of his right to counsel. Although the court affirmed the judgment it found (1) that appellant's statement was the product of an in-custody interrogation, without adequate warnings under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and (2) that the trial court had not erred in admitting the statement because appellant's counsel failed to make a specific objection based upon *Miranda* grounds. After the affirmance of the judgment on direct appeal, without the assistance of counsel, appellant filed his first Rule 27.26 motion to vacate his sentence and judgment.

Neither of the grounds asserted in the present motion was alleged in his first Rule 27.26 motion. See *Evans v. State*, 465 S.W.2d 500, 501 (Mo. 1971) wherein the court denied appellant's first motion.[1] Specifically appellant alleges in the instant

---

1. See also *Evans v. Swenson*, 332 F.Supp. 360 (E.D.Mo.1971) wherein the district court found that the warnings given by the police officer to appellant as to his right to remain silent and as to his right to counsel satisfied the *Miranda* requirements in all respects. In *Evans v. Swenson*, 455 F.2d 291 (8th Cir. 1972), the Court of Appeals affirmed the judgment, cert. den. 408 U.S. 929, 92 S.Ct. 2508, 33 L.Ed.2d 342 (1972).

Rule 27.26 motion: (1) ineffective assistance of counsel, and (2) the involuntariness of his confession. To excuse his failure to raise either issue in his first Rule 27.26 motion appellant points to the fact that on his initial motion he was proceeding *pro se*. Stated another way, in essence, appellant seeks to excuse his failure to include his present allegation in his initial motion because of his lack of legal knowledge.

 Rule 27.26(d) provides that a second or successive Rule 27.26 motion shall not be entertained where the ground presented in the subsequent motion was raised and determined adversely to the movant in a prior motion, *or where the grounds presented in a second or successive motion could have been raised in the first motion pursuant to Rule 27.26(c)*. With respect to the latter, a burden is imposed upon movant to establish that any new ground raised in the second motion could not have been raised by him in a prior motion. The imposed burden requires appellant to allege a reason or reasons which, if established by proof, would authorize a finding that movant could not have previously presented these new grounds. *Jones v. State*, 521 S.W.2d 504, 506 (Mo.App.1975), citing *Nolan v. State*, 484 S.W.2d 273, 274 (Mo.1972). In *Jones*, supra, the excuse offered in the second motion to excuse movant's failure to include the allegations therein charged in his first motion was a lack of legal knowledge. Citing *Grant v. State*, 486 S.W.2d 641, 643 (Mo.1972), the court said, ". . . The bare allegation of 'lack of legal knowledge' will not authorize a finding that appellant could not have previously presented the new ground . . . ." Accordingly, the court held that in view of the absence of any other alleged reason or reasons, Jones failed to meet the burden imposed upon him by Rule 27.26(d).

 Here appellant's tendered excuse that he filed his initial motion *pro se*, without more, is not sufficient to support a finding that he could not have previously raised these grounds in his initial motion. Consequently, in our view, appellant has failed to sustain the burden placed upon him in this regard by Rule 27.26(d). *Jones v. State*, supra and *Grant v. State*, supra.

Accordingly, judgment is affirmed.

STEWART and RENDLEN, JJ., concur.