**Christopher W. CAREAGA,
Movant-Appellant,**

v.

**STATE of Missouri, Plaintiff-Respondent.**

No. 37958.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 5, 1977.

Motion for Rehearing or Transfer
Denied June 9, 1977.

Application to Transfer Denied
July 11, 1977.

Robert C. Babione, Public Defender, Blair K. Drazic, Mary Louise Moran, Asst. Public Defenders, St. Louis, for movant-appellant.

Preston Dean, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Movant-appellant appeals from the dismissal of his second Rule 27.26 motion to vacate judgment. No evidentiary hearing was held on the motion. Movant contends that his convictions were invalid because he was denied his constitutional right to equal protection of the laws. He argues that he was denied the services of an independent psychiatrist to assist in the preparation and presentation of an insanity defense and that Section 552.020 RSMo 1969 is unconstitutional because it discriminates against the poor by denying indigent defendants the aid of private psychiatrists, effectively precluding an insanity defense.

In 1971, appellant pled guilty to four separate charges, three for robbery by means of a deadly and dangerous weapon and one for carrying a concealed weapon. Appellant was sentenced to concurrent life sentences on each of the robbery charges and five years on the concealed weapon charge.

Prior to the entry of the pleas, appellant moved for the appointment of a psychiatrist. The motion was granted. An examination was performed which indicated that the appellant was not suffering from any mental disease or defect. Appellant does not allege that the report made pursuant to Section 552.020 was incomplete. The record reflects no request for the appointment of a second psychiatrist although appellant claims he made an oral motion for an independent psychiatric examination to determine his competency at the time of the commission of the offenses.

Appellant filed a prior motion under Rule 27.26 in 1973. It was based upon the ground that his guilty pleas were not entered voluntarily or intelligently and that he was denied effective assistance of counsel. One point raised by appellant was that the court failed to require a mental competency hearing. The motion was denied, and the court found adversely to appellant on the point concerning the competency hearing. Moreover, the court reasoned that although a hearing was not held on the findings contained in the psychiatric report, the movant did not show sufficient prejudice for the court to vacate sentence and judgment. Appellant appealed from the order but the appeal was dismissed as untimely.

This second motion under Rule 27.26 was filed December 3, 1975. Appellant alleged as grounds therein that he was denied a fair trial and equal protection of the laws because an oral motion for a second psychiatrist was refused and that Section 552.020 is unconstitutional because it discriminates on the basis of poverty in denying private psychiatrists for the defense.

No evidentiary hearing was held on the second Rule 27.26 motion. The trial court granted the state's motion to dismiss the appellant's second motion after a hearing on the motion because the trial court found that the appellant did not show why the error alleged could not have been raised on the first motion. In addition the court found that appellant did not allege a ground for post-conviction relief because, as found in the first 26.27 proceeding, appellant's pleas were voluntarily and intelligently entered and no prejudice was shown.

 Our review is limited to a determination whether the finding, conclusion and judgment of the trial court were "clearly erroneous." Rule 27.26(j); *Brown v. State,* 495 S.W.2d 690, 694[2] (Mo.App.1973). A finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been committed after considering all the evidence. *Crosswhite v. State,* 426 S.W.2d 67, 70–71 (Mo.1968).

The trial court below found that the movant showed no "legal cause why the contention that he should have been afforded a second independent psychiatric examination could not have been raised at first evidentiary hearing." Rule 27.26 prohibits the entertainment of successive motions "where the ground presented in the subsequent application was raised and determined adversely to the applicant on prior application," *Ivy v. State,* 509 S.W.2d 148, 152[1] (Mo.App.1974), or "where the ground presented is new but could have been raised in the prior motion" pursuant to the provisions of subsection (c) of Rule 27.26. *Johnson v. State,* 472 S.W.2d 433, 435[2] (Mo. 1971). "The burden shall be on the prisoner to establish that any new ground raised in a

second motion could not have been raised in his first motion." *Moore v. State,* 528 S.W.2d 177 (Mo.App.1975).

In the case at bar, movant attempted to excuse his failure to raise his present contentions in the prior motion by alleging he "was not aware of the new grounds for relief" until he met a fellow prisoner. However, "the bare allegation of 'lack of legal knowledge' will not authorize a finding that appellant could not have previously presented the new ground in his first Rule 27.26 motion." *Jones v. State,* 521 S.W.2d 504, 506 (Mo.App.1975); *accord, Grant v. State,* 516 S.W.2d 69, 71[1–3] (Mo. App.1974).

Therefore, the trial court properly denied appellant's second Rule 27.26 motion. Because the motion was properly refused this court will not reach the merits of movant's allegations other than to note that both this court and the Missouri Supreme Court have rejected such arguments. *State v. Sturdivan,* 497 S.W.2d 139, 144[17] (Mo.1973); *State v. Terry,* 472 S.W.2d 426, 429–30[5] (Mo. Banc 1971); *State v. Mullen,* 532 S.W.2d 794, 799[9] (Mo.App.1975).

The findings of the trial court are not clearly erroneous. The judgment is affirmed.

CLEMENS, P. J., and WEIER, J., concur.