Wardell H. PATTERSON, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 39635.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 29, 1978.

Daniel W. Deiter, McQuie & Deiter, Montgomery City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Judge.

This is an appeal from the denial of appellant's second Rule 27.26 motion without an evidentiary hearing, the first such motion having been denied by the Circuit Court of Montgomery County on November 18, 1976 also without an evidentiary hearing. No appeal was taken from the ruling on the first motion. Both motions were filed pro se and denied after the trial court entered findings of fact and conclusions of law. Appellant is represented before this court by appointed counsel. Appellant here seeks to vacate a judgment of conviction for second degree murder entered upon a jury verdict on July 19, 1973. The jury having been unable to agree on punishment, appellant was sentenced by the court to twenty-five years imprisonment. The conviction was affirmed. *State v. Patterson*, 516 S.W.2d 571 (Mo.App.1974). An earlier conviction for the same crime had been reversed and the cause remanded. *State v. Patterson*, 484 S.W.2d 278 (Mo.1972). We affirm the action of the trial court in denying the second Rule 27.26 motion.

In the second motion for post-conviction relief, the appellant alleged that the prosecutor wrongfully suppressed evidence relat-

ing to the appellant's physical condition immediately after the killing and that the prosecutor elicited testimony which he knew to be false. Appellant also alleged ineffective assistance from the attorney whom he employed to defend him at the trial, in that he failed to call certain witnesses whom the appellant thought would be helpful to his case, failed to put the defendant on the stand as a witness on his own behalf, failed to conduct adequate pretrial discovery and adequate investigation, and failed to include in his appeal all of the points in the motion for new trial.

In the instant motion, appellant effectively concedes that he was aware of all of the facts alleged in the second motion at the time he filed his first motion and attempts to excuse his initial failure to raise the points by stating that he did not appreciate the significance of those facts at that time. In the appellant's words:

"None of the grounds were raised in the prior proceedings. The Movant wasn't knowledgeable of the law and wasn't aware of these new legalities that are now being raised and he wasn't aware that these legalities were unconstitutional. The movant didn't know that these new grounds/allegations were unconstitutional until he read some laws of the United States that are in the law library at this prison."

Appellant further contends that since he raised a question of law in his first motion, the trial court erroneously failed to appoint counsel for him at that time as required by Rule 27.26(h). Therefore, he cannot now be held to have waived the grounds he now alleges since counsel could have amended the first motion to include all of his grounds.

■ As best we can determine, the "question of law" raised in the first motion was appellant's contention that the jury was improperly instructed with respect to the difference between second degree murder and manslaughter. The verdict-directing instruction relating to second degree murder required the jury to find that defendant intentionally caused the death of

the victim by shooting him and that "defendant did not do so in sudden agitation provoked by violence committed by [the victim] to the person of defendant . . . ." The instruction conversing the verdict director told the jury that the defendant must be found not guilty of second degree murder unless the jury found "beyond a reasonable doubt that the defendant did not [intentionally kill the victim] in sudden agitation provoked by violence committed by [the victim] to the person of defendant and that the death of [the victim] was not a justifiable homicide as submitted . . . ." in another instruction not included in the record on this appeal. Appellant contends that such instructions do not conform to MAI–CR No. 6.06 and particularly the third paragraph thereof, which reads:

"that the defendant did not do so in (anger) (fear) (agitation) suddenly provoked by the unexpected acts or conduct of [*name of victim*], . . . ."

In ruling on this contention in the first 27.26 proceeding, the trial court correctly noted that the trial occurred on July 19, 1973 and that the use of the Missouri Approved Instructions–Criminal did not become mandatory until January 1, 1974. Supreme Court Rule 20.01.

■ Initially we address ourselves to appellant's contention that lack of legal knowledge prevented him from raising in the first motion the points he now raises. Rule 27.26(d) specifically prohibits the sentencing court from entertaining a second or successive motion grounded on a "new" allegation which could have been presented in the prior motion and places the burden on the movant "to establish that any new ground raised in a second motion could not have been raised by him in the prior motion." Prior lack of legal knowledge has consistently been rejected as a cognizable excuse for failure to raise matters in the first Rule 27.26 motion. As was said in *Careaga v. State*, 552 S.W.2d 25, 27 (Mo. App.1977):

"In the case at bar, movant attempted to excuse his failure to raise his present contentions in the prior motion by alleg-

ing he 'was not aware of the new grounds for relief' until he met a fellow prisoner. However, 'the bare allegation of "lack of legal knowledge" will not authorize a finding that appellant could not have previously presented the new ground in his first Rule 27.26 motion.' *Jones v. State,* 521 S.W.2d 504, 506 (Mo.App.1975); *accord, Grant v. State,* 516 S.W.2d 69, 71[1–3] (Mo.App.1974)."

See also *Evans v. State,* 545 S.W.2d 674 (Mo.App.1976). Appellant was possessed of the information upon which the second motion was based at the time he filed the first. Under such circumstances, it has been said that "the second motion *should* be dismissed." *Agee v. State,* 562 S.W.2d 762, 764 (Mo.App.1978). (Emphasis added.) Cf. *Newman v. State,* 481 S.W.2d 3, 5[1] (Mo. 1972) in which the dismissal of a second Rule 27.26 motion was affirmed where the movant, though aware of the facts on which it was based when he filed the first motion, had apparently developed new legal theories to support the second.

Appellant next argues that because he raised a question of law in his first motion, i. e., the claimed instructional error mentioned supra, counsel should have been appointed to represent him in connection with the first motion. If this had been done, appellant argues in his brief, "counsel would have learned of, and raised, some or all of the grounds raised by Appellant in the motion now at bar." By convolutions of logic based upon speculation, appellant reasons that the only way he can be made whole for this claimed error is for an evidentiary hearing to be held now. We need not consider whether the instruction referred to in the first motion was erroneous or whether the claim relating to it presented a question of law under Rule 27.26(h) (thus requiring appointment of counsel) for the reason that the ruling on the first motion, not appealed, has long since become final. It is not the office of a Rule 27.26 motion to function as an appellate apparatus to attack alleged defects in a prior post-conviction proceeding. *Neal v. State,* 569 S.W.2d 388 (Mo.App.1978); *Hamilton v. State,* 548 S.W.2d 267 (Mo.App.1977); *Duncan v. State,* 524 S.W.2d 140, 142 (Mo. App.1975); *Williams v. State,* 507 S.W.2d 664 (Mo.App.1974).

The judgment is affirmed.

STEWART, P. J., and REINHARD, J., concur.