Charles PERRY, Appellant,

v.

STATE of Missouri, Respondent.

No. 40772.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 6, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 13, 1979.

Application to Transfer Denied
May 17, 1979.

Gary L. Robbins, Public Defender, 32nd Judicial Circuit, Jackson, for appellant.

John D. Ashcroft, Atty. Gen., Richard Thurman, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant entered a plea of guilty to the charge of selling a gun without a permit and was sentenced to a term of four years in prison. This court affirmed the trial court's dismissal of movant's first motion for post conviction relief in *Perry v. State,* 565 S.W.2d 464 (Mo.App.1978), finding specifically that movant's guilty plea was completely voluntary. On June 2, 1978, movant filed a second Rule 27.26 motion to vacate which alleged that he was deprived of effective assistance of counsel, because his trial attorney had: (1) failed to cross-examine a material state witness; (2) failed to produce a defense witness to rebut the state's case; and (3) failed to inform the trial court that a state witness and an informant had "seduced" a material witness into becoming intoxicated so that the testimony of that witness would not be accepted by the trial court. The trial court issued its findings of fact and conclusions of law which denied the movant an evidentiary hearing based in part on Rule 27.26(d). From the denial, movant appeals. We affirm the decision of the trial court.

Rule 27.26(d) prohibits the entertainment of successive 27.26 motions when the ground presented is new but could have been raised in the previous request for post conviction relief. *Careaga v. State,* 552 S.W.2d 25 (Mo.App.1977). The burden is on movant to establish that the new ground raised in his second motion could not have been presented earlier. *Culberson v. State,* 571 S.W.2d 488 (Mo.App. 1978). In this case, movant alleged his inexperience in legal matters and the inexperience of the person who assisted him in the preparation of the first motion as the excuse for failure to set forth his present contentions in the prior motion.[1] Yet "lack of legal knowledge has consistently been rejected as a

1. The mandate of *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978), requiring appointment of counsel for indigent pro se movants in Rule 27.26 motions to vacate sentence was not in effect at the time of movant's application.

cognizable excuse for failure to raise matters in the first Rule 27.26 motion." *Patterson v. State,* 571 S.W.2d 142, 143 (Mo. App.1978). Accord, *Careaga v. State,* supra. Where the defendant possessed the information upon which the second motion was based at the time when he filed the first, the second motion must be dismissed. *Warren v. State,* 572 S.W.2d 874 (Mo.App. E. Dist., 1978); *Patterson v. State,* supra; *Agee v. State,* 562 S.W.2d 762 (Mo.App. 1978). Consequently, we have no need to discuss the merits of movant's allegations. We note, however, that his allegations relate to trial strategy which do not form a basis for Rule 27.26 relief. *Cage v. State,* 573 S.W.2d 73 (Mo.App.1978); *Cole v. State,* 573 S.W.2d 397 (Mo.App.1978).

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.