**Roger L. BRAGER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 30209.

Missouri Court of Appeals,
Western District.

July 31, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 4, 1979.

Application to Transfer Denied
Oct. 10, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Asst. Public Defender, Kansas City, for movant-appellant.

John D. Ashcroft, Atty. Gen., Steven Scott Clark, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from order overruling motion for post conviction relief pursuant to Rule 27.-26. Affirmed.

Movant was convicted by jury for assault with intent to kill. Punishment was fixed at 25 years. The conviction was affirmed on appeal, see *State v. Brager,* 497 S.W.2d 181 (Mo.1973). The motion and appeal herein precede *Fields v. State,* 572 S.W.2d 477 (Mo.banc 1978) and *Seales v. State,* 580 S.W.2d 733 (Mo.banc 1979). Those decisions being prospective only have no application herein.

This appeal is taken from a first amended motion following three previous motions to vacate. Two issues are presented for review. First, movant contends the trial court erred in the denial of an evidentiary hearing to movant upon the allegations of ineffective assistance of counsel not being conclusively resolved by the record of his case; and second, the trial court erred in not appointing counsel for movant before overruling the motion because said motion presents questions of law and issues of fact.

■ The trial court made findings of fact and conclusions of law upon the original motion and the amended motion. Said motion violates Rule 27.26(d) in that it raises questions which could have been raised in the prior motions of movant. Determination of movant's contentions can be found of record within the trial court's findings.

■ Movant alleges the violation of his constitutional rights by not receiving a fair trial upon the court's failure to instruct the jury on criminal intent.

Contained within the court's findings is trial court instruction no. 4, which is set forth verbatim and resolves this contention against movant.

"The court instructs the jury that all person[s] are equally guilty who act together with a common intent in the commission of a crime, and a crime so committed by two or more persons jointly is the act of all and of each one so acting."

Movant also contended he was denied effective assistance of counsel because his counsel failed to make a continuing objection or move for a mistrial following the prosecutor's comment, during final argument, on movant's failure to testify; his counsel failed to assist movant between trial and the filing of the motion for new trial; his counsel failed to present to the court in his motion for new trial the issue of the prosecution's comment and his counsel failed to assist movant on appeal by failing to present the issue raised by the prosecution's comment. Movant further contended he was unaware of this newly discovered evidence at the time of his first motion to vacate his sentence because of his lack of education and knowledge in the area of the law.

Once again, the trial court's findings and conclusions provide the resolve of these issues. From the findings, the trial judge refers to the transcript of the trial which establishes that the prosecutor's comment was not that movant did not testify, but that movant failed to make an opening statement. This comment was objected to and the objection was sustained.

■ The trial court correctly concluded that such comment as supported by the trial record was not upon the evidence and hence was not subject to the prohibition of § 546.270, RSMo 1978 and Rule 26.08.

■ Further, it can be determined from movant's allegations that failure of his trial counsel to pursue the issue surrounding the comment by the prosecution, either upon the motion for new trial or appeal, is a conclusion resting upon a conclusory premise that movant was denied effective assistance of counsel. Mere conclusion provides nothing for review, *Lindner v. State,* 571 S.W.2d 441 (Mo.App.1978).

■ Mere trial error is not reviewable by a motion pursuant to Rule 27.26.

■ Movant is bound by Rule 27.26(d) and cannot prevail under the rule by pleading ignorance of the rule. This question was perhaps best answered in the words of the trial judge when he stated, "The movant's continuing legal education while imprisoned is not a valid excuse for failing to present the facts which were known at the time of the prior motion."

Inherently, the allegations by movant raise no issues which necessitated an evidentiary hearing. The record, as reflected within the findings and conclusions by the trial court, does conclusively resolve the matter.

Having concluded movant was not entitled to an evidentiary hearing, movant's second contention that he was entitled to counsel before a ruling upon the motion has become moot.

The order of the trial court is affirmed.

All concur.