**Joseph L. WALLACE, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 39882.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 25, 1979.

Rehearing Denied Oct. 25, 1979.

Neal P. Murphy, St. Louis, for movant.

John D. Ashcroft, Atty. Gen., Richard Engel, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant incurred a jury conviction for first degree murder and his punishment assessed at life imprisonment. His appeal was unavailing (*State v. Wallace*, 504 S.W.2d 67 (Mo.1973)), as was his first Rule 27.26 motion which was denied without an evidentiary hearing. *Wallace v. State*, 556 S.W.2d 471 (Mo.App.1977). Movant's second Rule 27.26 motion, also denied without an evidentiary hearing, provides the subject of this appeal. We affirm.

Movant has alleged new matters as grounds for relief in his second Rule 27.26 motion, which matters were not addressed in his first unsuccessful motion, to-wit:

(1) "Movant was denied full effective assistance of counsel in that of the fact that counsel neglected to subpoena a dentist as an expert witness for the defense."

(2) "Movant was denied the effective assistance of counsel and due process of law in that of the fact that a juvenile served on his lineup."

(3) "Movant was denied equal protection of the law in that in effect stemmed from the wiretapping of telephones."

Rule 27.26(c) requires inclusion of every ground known to the movant for vacating, setting aside or correcting his conviction and sentence. Rule 27.26(d) specifically prohibits a sentencing court from entertaining a second or successive Rule 27.26 motion where the grounds presented are new but could have been raised in the prior motion pursuant to Rule 27.26(c). Rule 27.26(d) further states that the movant must shoulder the burden of proof to establish that any new ground raised in his second motion could not have been raised in his prior motion. *Johnson v. State*, 472 S.W.2d 433, 435 (Mo.1971).

Movant's enunciated reasons for his failure to raise these new grounds in his first motion were,

"(a) Ineffective assistance of counsel; I was not aware of these grounds as the federal court decisions involved in this matter were determined after the instant case was decided. (b) Newly discovered evidence!!!"

Movant's second motion does not acknowledge the relationship between the federal decisions and his newly alleged grounds. Movant's bare allegation that he lacked the requisite legal expertise to apprise him of the significance of potential error is an insufficient basis upon which to grant his motion. *Careaga v. State*, 552 S.W.2d 25, 27 (Mo.App.1977); *Evans v. State*, 545 S.W.2d 674, 675 (Mo.App.1976). Likewise, newly discovered evidence will not afford movant grounds for relief. *Hatfield v. State*, 529 S.W.2d 180, 181 (Mo.App. 1975).

Accordingly, the judgment appealed from stands affirmed.

REINHARD, P. J., and GUNN, J., concur.