Denorvel BLAINE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31158.

Missouri Court of Appeals, Western District.

Aug. 4, 1980.

James L. McMullin, McMullin, Wilson & Schwarz, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Movant has appealed from the denial of post-conviction relief sought via a second or successive Rule 27.26 motion.

In September, 1974, movant was found guilty by a jury on two counts of first degree robbery and two consecutive twenty-five year sentences were imposed. A direct appeal therefrom was unsuccessful.

*State v. Blaine*, 528 S.W.2d 801 (Mo.App. 1975). Movant was equally unsuccessful in obtaining post-conviction relief by means of a Rule 27.26 motion filed in May of 1976, denied in June of 1976, and from which no appeal was taken.

Movant's second or successive Rule 27.26 motion, which is the fulcrum of this appeal, was filed on December 11, 1978, and denied on August 8, 1979, following an evidentiary hearing where movant was represented by counsel. The second or successive Rule 27.-26 motion was premised upon ineffective assistance of counsel at the trial resulting in movant's conviction. Ineffective assistance of counsel as a basis for post-conviction relief was not raised or advanced by movant in his first Rule 27.26 motion. Movant's explanation for not doing so, according to paragraph 14 of his second or successive Rule 27.26 motion, was that "in filing the prior motion he did not have the benefit of the assistance of an experienced inmate legal assistant."

Paragraphs (c) and (d) of Rule 27.26 read as follows: "(c) *Form and Sufficiency of Motion.* A motion to vacate a sentence must be submitted on a form substantially in compliance with the form appended hereto. The motion shall include every ground known to the prisoner for vacating, setting aside or correcting his conviction and sentence. The prisoner shall verify the correctness of the motion, including the fact that he has recited all claims known to him." "(d) *Successive Motions.* The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application *or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.*" (Emphasis added.)

Paragraph (d) of Rule 27.26 in plain, simple direct terms prohibits a sentencing court from entertaining a second or successive Rule 27.26 motion where the grounds presented are new but could have been raised in a prior or initial Rule 27.26 motion. This prohibition means what it says and is judicially enforced. *Wallace v. State,* 589 S.W.2d 311 (Mo.App.1979); *Perry v. State,* 579 S.W.2d 728 (Mo.App.1979); and *Jones v. State,* 521 S.W.2d 504 (Mo.App.1975). The only way this prohibition can be contravened is for a movant to shoulder the burden of establishing "that any new ground raised in a second motion could not have been raised by him in the prior motion." Rule 27.26(d), *supra.* In this regard movant merely alleges "that in filing . . . [his] prior motion he did not have the benefit of the assistance of an experienced inmate legal assistant". This bar recital is nothing more than a semantic disguise of a consistently rejected excuse—lack of legal knowledge.[1] Time and time again lack of legal knowledge has been repudiated as a cognizable excuse for failing to raise an ostensibly new ground in a prior Rule 27.26 motion. *Grant v. State,* 486 S.W.2d 641 (Mo. 1972); *Wallace v. State, supra; Brager v. State,* 586 S.W.2d 397 (Mo.App.1979); *Patterson v. State,* 571 S.W.2d 142 (Mo.App. 1978); *Johnson v. State,* 564 S.W.2d 266 (Mo.App.1978); *Careaga v. State,* 552 S.W.2d 25 (Mo.App.1977); and *Jones v. State, supra.* Parenthetically, although movant was afforded a full evidentiary hearing on the merits of his second Rule 27.26 motion, during which he was represented by counsel, no explanation was made and no evidence was offered to justify his failure to include "ineffective assistance of counsel" as a ground for relief in his first Rule 27.26 motion.

The trial court improvidently entertained movant's second or successive Rule 27.26 motion by reason of the prohibition contained in Rule 27.26(d) and want of any legally viable excuse offered by movant to alleviate his failure to raise ineffective assistance of counsel in his prior Rule 27.26 motion. Movant's second or successive Rule 27.26 motion should have been dismissed by the trial court at the outset, and, accordingly, movant's appeal from the judgment of the trial court denying him relief on the merits is dismissed. See *Agee v. State,* 562 S.W.2d 762 (Mo.App.1978).

Appeal dismissed.

All concur.

---

1. Movant's first Rule 27.26 motion predated *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978), prospectively mandating the appointment of counsel for indigent pro se movants in Rule 27.26 motions.