Alonzo Jerry **WRIGHT**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. WD 31718.

Missouri Court of Appeals, Western District.

March 30, 1981.

L. D. Mayo, Jr., Kansas City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Movant has appealed from the denial of post-conviction relief sought via a second Rule 27.26 motion. He was represented by counsel on both his first and second Rule 27.26 motions.

On April 25, 1972, movant pleaded guilty to two counts of murder in the first degree and one count of robbery in the first degree resulting in two concurrent life sentences and one consecutive life sentence. He was unsuccessful in obtaining post-conviction relief by an earlier Rule 27.26 motion filed on June 9, 1975, denied on March 22, 1976, and affirmed on appeal in *Wright v. State*, 549 S.W.2d 554 (Mo.App.1977).

Movant's second Rule 27.26 motion, which is the fulcrum of this appeal, was filed on January 15, 1980, and denied on March 18, 1980, absent an evidentiary hearing. The findings of fact, conclusions of law and judgment entered therein were premised on movant's failure to state adequate reasons why the grounds relied on in his second Rule 27.26 motion were not raised in his first Rule 27.26 motion. Movant contends the trial court erred in not granting him an evidentiary hearing on his second Rule 27.26 motion.

One of the grounds raised in his first Rule 27.26 motion was ineffective assistance of counsel when he pleaded guilty. Ineffective assistance of counsel, albeit in a slightly different tenor, is the ground relied on in his second Rule 27.26 motion. Movant's explanation for not raising ineffective assistance of counsel in its present tenor in his first Rule 27.26 motion, according to paragraph 14 of his second Rule 27.26 motion, was "he did not have the benefit of the teaching of *Brady v. U. S.*, 397 U.S. 742, [90 S.Ct. 1463, 25 L.Ed.2d 747] (1970)", he did not "have knowledge of how to present this issue", and he was not afforded effective assistance of counsel in his first Rule 27.26 motion.

Paragraph (d) of Rule 27.26 reads as follows: "(d) *Successive Motions.* The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application *or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.*" (Emphasis added.)

Paragraph (d) of Rule 27.26 in plain, simple, direct terms prohibits a sentencing court from entertaining a second Rule 27.26 motion where the grounds presented are new but could have been raised in a prior Rule 27.26 motion. This

prohibition means what it says and is judicially enforced. *Wallace v. State,* 589 S.W.2d 311 (Mo.App.1979); *Perry v. State,* 579 S.W.2d 728 (Mo.App.1979); and *Jones v. State,* 521 S.W.2d 504 (Mo.App.1975). In order to contravene this prohibition a movant must shoulder the burden of establishing "that any new ground raised in a second motion could not have been raised by him in the prior motion." Rule 27.26(d), *supra.* As previously noted, movant first attempts to meet this burden by alleging that "he did not have the benefit of *Brady v. U. S.*" and "did not have knowledge of how to present this issue." These bare recitals are nothing more than a semantic disguise of a consistently rejected excuse—lack of legal knowledge. Lack of legal knowledge has been repudiated as a cognizable excuse for not raising an ostensibly new ground in a prior Rule 27.26 motion. *Grant v. State,* 486 S.W.2d 641 (Mo.1972); *Burnside v. State,* 600 S.W.2d 157, 158 (Mo.App.1980); *Wallace v. State, supra; Brager v. State,* 586 S.W.2d 397 (Mo.App.1979); *Patterson v.*

*State,* 571 S.W.2d 142 (Mo.App.1978); *Johnson v. State,* 564 S.W.2d 266 (Mo.App.1978); *Careaga v. State,* 552 S.W.2d 25 (Mo.App. 1977); and *Jones v. State, supra.* Movant next attempts to meet this burden, as previously noted, by alleging ineffective assistance of counsel on his first Rule 27.26 motion. This also is incognizable as an excuse because a claim of ineffective assistance of counsel in a previous Rule 27.26 motion does not constitute grounds for relief in a successive Rule 27.26 motion. *Burnside v. State, supra;* and *Neal v. State,* 569 S.W.2d 388 (Mo.App.1978).

Judgment affirmed.

All concur.