**Leo WEBB, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 32088.**

Missouri Court of Appeals,
Western District.

Jan. 12, 1982.

---

James B. Christensen, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, C. J., Presiding, and TURNAGE and LOWENSTEIN, JJ.

SOMERVILLE, Chief Judge.

Movant has appealed from a denial of post-conviction relief sought via a second Rule 27.26 motion.

On July 29, 1975, a jury convicted movant on two counts of receiving stolen property, two seven year sentences were assessed to run consecutively, and the convictions were subsequently affirmed on direct appeal. *State v. Webb*, 544 S.W.2d 53 (Mo.App. 1976). Movant's initial Rule 27.26 motion was filed on September 21, 1978, relief was denied by the trial court, and the judgment rendered by the trial court was affirmed on appeal. *Webb v. State*, 589 S.W.2d 89 (Mo. App.1979).

Movant's second Rule 27.26 motion, the fulcrum of this appeal, was filed on February 11, 1980, and denied by the trial court on August 11, 1980, absent an evidentiary hearing. The trial court denied relief because movant failed to state an adequate

reason for not having raised the two new grounds in his first Rule 27.26 motion. Movant's single point on appeal faults the trial court for "overruling" his Rule 27.26 motion without an evidentiary hearing.

The grounds relied upon by movant in his second Rule 27.26 motion were twofold: (1) ineffective assistance of counsel during the underlying trial due to counsel's failure to move to quash the jury panel on the ground that it was constitutionally infirm because the jury selection process in Jackson County systematically excluded women; and (2) trial before a petit jury selected from a constitutionally infirm jury panel violated movant's constitutionally guaranteed right of trial by jury under the Sixth and Fourteenth Amendments to the Constitution of the United States. Neither of these grounds was raised at the underlying trial, on direct appeal, or in the initial Rule 27.26 motion. They surface for the first time in movant's second Rule 27.26 motion with movant seeking to justify his tardiness for not having sooner raised them by the simple expedient of stating that *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), was decided after his underlying trial, direct appeal, and initial Rule 27.26 motion and appeal thereon had transpired. Paragraph (d) of Rule 27.26 prohibits a sentencing court from entertaining a second Rule 27.26 motion asserting new or different grounds which could have been raised in a prior Rule 27.26 motion. *Wallace v. State*, 589 S.W.2d 311 (Mo.App.1979); *Perry v. State*, 579 S.W.2d 728 (Mo.App.1979); and *Jones v. State*, 521 S.W.2d 504 (Mo.App. 1975). In order to overcome this prohibition a movant must shoulder the burden of establishing "that any new ground raised in a second motion could not have been raised by him in the prior motion." Rule 27.26(d). Movant's bare allegation that *Duren v. Missouri, supra*, had not been decided is tantamount to a frequently employed excuse—lack of legal knowledge—which has been repudiated time and time again. *Grant v. State*, 486 S.W.2d 641 (Mo.1972); *Wright v. State*, 614 S.W.2d 325 (Mo.App.1981); *Burnside v. State*, 600 S.W.2d 157 (Mo.App.1980); *Wallace v. State*, 589 S.W.2d 311 (Mo.App.

1979); *Brager v. State*, 586 S.W.2d 397 (Mo. App.1979); *Patterson v. State*, 571 S.W.2d 142 (Mo.App.1978); *Johnson v. State*, 564 S.W.2d 266 (Mo.App.1978); *Careaga v. State*, 552 S.W.2d 25 (Mo.App.1977); and *Jones v. State, supra.*

Even if movant had advanced sufficient reasons to justify his belated assertion of the two grounds presently relied upon, the latter afforded no basis for post-conviction relief. Temporarily, the underlying trial occurred after *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), but before *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977), *cert. granted* 435 U.S. 1006, 98 S.Ct. 1875, 56 L.Ed.2d 387 (1978), *rev'd Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). As previously noted, the jury selection process in Jackson County and the petit jury which convicted movant came under attack for the first time in movant's second Rule 27.26 motion. Both grounds fall squarely within *Benson v. State*, 611 S.W.2d 538 (Mo.App.1980). "Under the settled principle of waiver by failure to make proper and timely objection, no *Taylor v. Louisiana* claim can be made to a Missouri jury seated prior to *State v. Duren*, absent a proper and timely objection. Whether the claim is asserted on direct appeal, or in a subsequent Rule 27.26 proceeding, the failure to make a timely and proper objection bars review." Id. at 542. *Benson* also forecloses a *Taylor—Duren* challenge under the guise of ineffective assistance of counsel as an attorney during the time frame in question is not held to a standard of clairvoyance: "the failure of a defense attorney to file a motion to quash under the *Taylor* doctrine will not be deemed ineffective representation as a general rule." Id. at 545–46.

The ruling of the trial court was not clearly erroneous. Rule 27.26(j).

Judgment affirmed.