Edward C. **CARTER**, Movant-Appellant,

v.

**STATE of Missouri**,
**Plaintiff-Respondent.**

No. 47804.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Jan. 15, 1985.

Motion For Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1985.

Application to Transfer Denied
April 30, 1985.

David S. Hemengway, Asst. Public Defender, St. Louis, for movant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

WILLIAM F. MAUER, Special Judge.

Appellant appeals from the denial of post-conviction relief sought pursuant to his second Rule 27.26 motion.

Charged with receiving stolen property in two separate cases, appellant entered Alford pleas on December 14, 1981. Appellant was sentenced, pursuant to a plea bargain agreement, to concurrent terms of six years imprisonment on February 16, 1982.

Seeking to vacate the judgment and sentence, appellant filed his first Rule 27.26 motion claiming he was the victim of an illegal search, that he did not receive a receipt for the property seized, that he was unlawfully detained and that he was denied effective assistance of counsel. Counsel was appointed to represent him and the motion was dismissed without an evidentiary hearing on November 4, 1982 because the motion did not allege that the guilty plea was not knowing and voluntary or that there was a fatal defect on the pleadings.

Subsequently, appellant filed a second Rule 27.26 motion which was twice amended by counsel and supplemented *pro se*. The grounds raised by the appellant included:

1. That the trial court did not make a determination that there was a factual basis for the pleas;
2. That appellant was not informed of the maximum punishment available or that at trial, a jury would do the sentencing;
3. That appellant received ineffective assistance of counsel in that: a. His lawyer failed to interview certain witnesses despite his request to do so; b. His lawyer erroneously advised him that there was overwhelming evidence of his guilt when the evidence was not sufficient to warrant a conviction.

In his second 27.26 motion, appellant acknowledged that he had previously filed a motion to vacate sentence and that a special assistant public defender was appointed to represent him. However, according to appellant, the public defender never did anything about the case except to visit him. Appellant alleges that:

1. The infirmities and illegalities of his convictions and sentence would have been obvious to any attorney of reasonable competence and diligence;
2. That the failure of the public defender to amend the pleadings left appellant abandoned by counsel;
3. Because appellant was not learned in the law, he was deprived of his opportunity to present his claims.

On August 18, 1983, an evidentiary hearing on the second 27.26 motion was held before the Honorable Ninian M. Edwards. The trial court entered findings of fact and conclusions of law and a judgment, denying appellant's second 27.26 motion on August 22, 1983. Appellant subsequently filed this appeal.

We hold that the trial court was not obligated to entertain appellant's second 27.26 motion and affirm appellant's conviction and sentence.

Rule 27.26(d) provides:

The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.

According to appellant, his second 27.26 motion raised grounds not addressed in his first 27.26 motion, specifically ineffective assistance of counsel in handling the first 27.26 motion and his own lack of legal knowledge. Appellant has not met the requisite burden of Rule 27.26(d). A claim of ineffective assistance of counsel in a previous 27.26 motion does not constitute

grounds for relief in a successive 27.26 motion. *Wright v. State*, 614 S.W.2d 325, 327 (Mo.App.1981); *Burnside v. State*, 600 S.W.2d 157, 158 (Mo.App.1980); and *Neal v. State*, 569 S.W.2d 388, 390 (Mo.App. 1978). The policy supporting this rule was recently reiterated by the Missouri Supreme Court in *Brauch v. State*, 653 S.W.2d 380, 381 (Mo. banc 1983) quoting from *Williams v. State*, 507 S.W.2d 664, 666 (Mo.App.1974).

> Were a prisoner permitted to challenge the effectiveness of his legal counsel at the first 27.26 hearing by means of filing a second 27.26, then he could likewise challenge his representation at a second hearing by filing a third 27.26, and so on ad infinitum. That patent absurdity would intolerably clutter the courts and would reduce the whole legal process to ridicule. The rule in Missouri avoids that result by declaring that proceedings under Rule 27.26 must be directed to defects which led to the original sentencing. (citations omitted)

■ Likewise, appellant's lack of legal expertise fails to justify his failure to raise the aforesaid issues in his first 27.26 motion. Lack of legal knowledge has been repudiated as a cognizable excuse for not raising an ostensibly new ground in a prior Rule 27.26 motion. *Wright v. State*, 614 S.W.2d at 327; *Burnside v. State*, 600 S.W.2d at 158.

The judgment of the trial court is hereby affirmed.

KAROHL, P.J., and DONALD E. DALTON, Special Judge, concur.