**Johnny MITCHELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 53550.

Missouri Court of Appeals,
Eastern District,
Division One.

May 31, 1988.

Lew A. Kollias, Jimmy Y. Lynn, Jr., Columbia, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Johnny Mitchell, appeals from the denial of his second Rule 27.26 motion without an evidentiary hearing. Mitchell was convicted by a jury of two counts of capital murder in the stabbing deaths of the proprietor and a patron of a store in Caruthersville. He was sentenced to two consecutive terms of life imprisonment without the possibility of probation or parole for fifty years. His conviction was affirmed on direct appeal. *State v. Mitchell*, 611 S.W.2d 223 (Mo. banc 1981). Mitchell then brought his first Rule 27.26 motion which was denied after an evidentiary hearing. He now appeals from the denial of his second Rule 27.26 motion. Mitchell alleges that he received ineffective assistance of counsel in that his attorney did not call a witness at trial and did not timely file the record on appeal from the denial of his first Rule 27.26 motion. We affirm the motion court's order denying Mitchell's second Rule 27.26 motion.

Mitchell contends he received ineffective assistance of counsel because his attorney did not call Betty Roberts as a witness at trial. However, this claim is not cognizable. Rule 27.26 provides that a second motion cannot be maintained "where the ground presented is new but could have been raised in the prior motion...." Rule 27.26(d). The rule is designed, where possible, to discover and adjudicate all claims for relief in one application. *Futrell v. State*, 667 S.W.2d 404, 408 (Mo. banc 1984). Movant has the burden of establishing that a new ground raised in a successive motion could not have been asserted in his first motion. *Willen v. State*, 648 S.W.2d 134, 135 (Mo.App., E.D.1983). Mitchell's first Rule 27.26 motion did not allege that counsel was ineffective in not calling Betty Roberts as a witness. His second motion proffers no reason as to why this claim could not have been set forth in the original motion. Moreover, although Mitchell's first Rule 27.26 motion did not specifically mention Betty Roberts, the record indicates she was referred to several times during the evidentiary hearing on that motion. And, it is forbidden to entertain a claim in a second Rule 27.26 motion where the ground presented was raised and determined adversely to movant, Mitchell, in the first proceeding. Rule 27.26(d); *See Haynes v. State*, 552 S.W.2d 284, 285 (Mo.App., E.D. 1977).

An *ex gratia* review of Mitchell's claim of ineffective assistance of counsel demonstrates it is without merit. In order to establish ineffective assistance, Mitchell must show counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Movant must overcome the strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment. *Williams v. State*, 730 S.W.2d 284, 287 (Mo.App., E.D.1987). Strategic choices made after a thorough investigation of the law and the facts which are relevant to plausible options are virtually unchallengeable. *Id.*

Mitchell argues his attorney rendered ineffective assistance when he did not call Betty Roberts as a witness. As previously stated, Mitchell's first Rule 27.26 motion did not mention Betty Roberts; his second motion recited that Betty Roberts would have testified that she observed a white male near the area where the crimes in question took place, thus refuting testimony that the crimes were committed by two black males. (Movant is a black male.) At the evidentiary hearing on the first motion, defense counsel stated he examined police reports in which Betty Roberts was mentioned and counsel concluded no further inquiry was necessary as to Betty Roberts.[1] Mitchell has made no showing that he ever informed his attorney as to a defense which Betty Roberts would have provided. Counsel did, in fact, investigate Betty Roberts when he reviewed the police reports. Investigation need only be adequate under the circumstances. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). Mitchell has pled no facts which, if true, would entitle him to relief, and which are not refuted by the record; thus, the denial of an evidentiary hearing was proper. *Deaton v. State*, 705 S.W.2d 70, 76 (Mo.App., E.D.1985).

Mitchell also claims he did not receive effective assistance because counsel, after Mitchell's first Rule 27.26 motion was denied, failed to file the record on appeal within the time allowed by Rule 81.18. This issue was not brought before the motion court; thus, Mitchell's claim is entitled to no appellate consideration. *Williams v. State*, 712 S.W.2d 404, 411 (Mo.App., E.D.1986). Nonetheless, we note that a claim of ineffective assistance of counsel in a previous Rule 27.26 motion does not constitute a ground for relief in a successive motion. *Carter v. State*, 687 S.W.2d 577, 578–79 (Mo.App., E.D.1985).

REINHARD and CRIST, JJ., concur.

---

1. As this court has not been provided with a transcript of the evidentiary hearing, it is not clear why Betty Roberts was discussed at the hearing.